2020 IL App (1st) 173111-U

FIFTH DIVISION
Order filed: July 24, 2020

No. 1-17-3111

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 04 CR 26256 |
| | ) | |
| | ) | |
| SALVADOR HERRERA, | ) | Honorable |
| | ) | Nicholas Ford, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE HOFFMAN delivered the judgment of the court.
Justice Delort concurred in the judgment.
Justice Hall dissented.

**ORDER**

¶ 1    *Held*:    We affirmed the trial court's denial of the defendant's *pro se* motion for leave to file a successive petition for relief under the Post-Conviction Hearing Act (725

> ILCS 5/122-1 *et seq.* (2016)), asserting claims under the eighth amendment to the United States Constitution (U.S. Const., amend. VIII) and the Proportionate Penalties Clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). We held that: (1) having been convicted and sentenced for a murder committed when he was 18 years old, the supreme court's decision in *People v. Harris,* 2018 IL 121932, foreclosed the defendant's eighth amendment argument based upon the Supreme Court's decision in *Miller v. Alabama,* 567 U.S. 460 (2012) that his age and 50-year sentence qualifies him for the sentencing protections afforded to juveniles; and (2) the petition failed to allege facts in support of an as-applied violation of the Proportionate Penalties Clause showing that the evolving science on maturity and brain development applies to his specific facts and circumstances.

¶ 2    The defendant appeals from an order of the trial court, denying him leave to file a successive postconviction petition challenging his 50-year sentence for a murder he committed when he was 18 years old as a violation of both the eighth amendment to the United States Constitution (U.S. Const., amend. VIII) and the Proportionate Penalties Clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). For the reasons which follow, we affirm.

¶ 3    The defendant was charged with first degree murder as the result of the death of David Ortiz. The evidence at trial established that the defendant fired gunshots at a group of rival gang members, killing Ortiz. At the time of the shooting, the defendant was 18 years old. Following a jury trial, the defendant was convicted of first degree murder and sentenced to 50 years' imprisonment. On the defendant's direct appeal, this court affirmed his conviction and sentence. *People v. Herrera*, No. 1-06-0913 (2007) (unpublished order under Supreme Court Rule 23). Subsequently, the defendant filed a *pro se* petition seeking relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2006)). The trial court summarily dismissed that petition, and the defendant appealed. This court affirmed the summary dismissal. *People v. Herrera*, No. 1-13-0420 (2014) (unpublished order under Supreme Court Rule 23).

¶ 4    On June 28, 2017, the defendant filed a *pro se* motion for leave to file a successive postconviction petition, attaching the successive postconviction petition that he sought leave to

file. In that proposed successive postconviction petition, the defendant alleged that the juvenile sentencing protections set forth in *Miller v. Alabama*, 567 U.S. 460 (2012), should apply to him because he was 18 years old at the time he committed the offense for which he was convicted. He asserted that, in imposing a *de facto* life sentence of 50 years' imprisonment, the trial court failed to consider his age and lack of mature brain development as mitigating factors. The defendant referenced "a study showing brain development for most young adults/juveniles 18-24 years of age." He asserted that a life sentence for a crime committed as a young adult whose crime reflects the transient immaturity of youth is disproportionate in all but the rarest of cases. The defendant argued in the proposed successive petition that his 50-year sentence violates both the United States and Illinois Constitutions and requested that his sentence be vacated and he be resentenced. On September 1, 2017, the circuit court denied the defendant leave to file his successive postconviction petition, and this appeal followed.

¶ 5    In urging reversal of the trial court's order denying him leave to filed a successive postconviction petition, the defendant contends that the successive postconviction petition that he sought leave to file (hereinafter referred to as the petition) established both cause for and prejudice from failing to raise the claim in an earlier petition. He contends that the petition shows that his 50-year sentence is a *de facto* life sentence in violation of both the eighth amendment to the United States Constitution and the Proportionate Penalties Clause of the Illinois Constitution as applied to him. The defendant contends that the petition shows that his 18-year-old brain was no different than that of a juvenile, and as a consequence, he was entitled to the same sentencing protections that juveniles are entitled to under the holding in *Miller*.

¶ 6    Under the Act, a defendant may raise a claim of a constitutional violation in his trial or in sentencing. *People v. Edwards*, 2012 IL 111711, ¶ 21. The Act contemplates the filing of one

postconviction petition. *Id.* ¶ 2 . Claims not raised in an initial petition are waived (*Id.* ¶ 21) unless the defendant can show cause for and prejudice from failing to raise the claim in the earlier petition or makes a colorable claim of actual innocence (*People v. Robinson*, 2020 IL 123849, ¶ 42). The Act defines "cause" as "an objective factor that impeded [the petitioner's] ability to raise a specific claim during his or her initial postconviction proceedings." 725 ILCS 5/122-1(f) (West 2016). To establish "prejudice," a petitioner must demonstrate that the claim not raised in an initial postconviction proceeding "so infected the trial that the resulting conviction or sentence violated due process." *Id.* Our review of the trial court's denial of leave to file a successive postconviction petition is *de novo. Robinson*, 2020 IL 123849, ¶ 39.

¶ 7    In *Miller,* the Supreme Court held that the eighth amendment to the United States Constitution "forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Miller*, 567 U.S. at 479. Before sentencing a juvenile offender to life in prison, the sentencing judge must have the opportunity to consider mitigating factors such as, *inter alia*, the juvenile's age, the juvenile's family and home environment, the effects of familial or peer pressure, and the possibility of rehabilitation. *Miller,* 567 U.S. at 477-78.

¶ 8    In *People v. Harris*, 2018 IL 121932, ¶¶ 54-61, the supreme court set 18 as the age cutoff for juvenile sentencing protections in the eighth amendment context. The defendant in this case was convicted and sentenced for a murder that he committed when he was 18. Consequently, the decision in *Harris* foreclosed the defendant's eighth amendment argument that his age and sentence qualify him for the protections afforded to juveniles pursuant to the holding in *Miller*.

¶ 9    However, the *Harris* court left open the question of whether a defendant convicted and sentenced to a *de facto* life sentence for a crime that was committed when he was 18 years old could raise an as-applied challenge to his sentence under the Proportionate Penalties Clause of

the Illinois Constitution. *Harris*, 2018 IL 121932, ¶ 48. The supreme court held that such a claim is more appropriately brought in a proceeding under the Act or by means of a petition pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2016)). *Id.*

¶ 10    Assuming for the sake of analysis only that the petition in this case set forth sufficient facts establishing both cause for and prejudice from failing to raise the claim in an earlier petition, the petition, nevertheless, fails to allege facts showing how the evolving science on maturity and brain development that helped form the basis for the *Miller* decision applies to defendant's specific facts and circumstances.

¶ 11    "Young adult defendants are not entitled to a presumption that *Miller* applies to them." *People v. Ruiz*, 2020 IL App (1st) 163145, ¶ 52. "[U]nder *Harris*, a young adult defendant must plead and ultimately prove, that his or her individual characteristics require the application of *Miller*." *Id.* The petition and accompanying documents must contain sufficient facts to justify further proceedings. "[T]he defendant must show 'how the evolving science on maturity and brain development that helped form the basis for the *Miller* decision applies to defendant's specific facts and circumstances.' " *Id.* ¶ 52 (quoting *Harris*, 2018 IL 121932, ¶ 46).

¶ 12    Other than alleging that he was 18 years old when he committed the murder for which he was convicted and sentenced to 50 years' imprisonment, the successive postconviction petition that the defendant sought leave to file fails to set forth any individual characteristics which, even arguably, require that the sentencing protections set forth in *Miller* should apply to him. Having failed to allege facts showing that the holding in *Miller* should apply to his particular circumstances, the successive postconviction petition that the defendant sought leave to file is insufficient to support an as-applied challenge to the defendant's sentence under the Proportionate Penalties Clause of the Illinois Constitution.

¶ 13    Based upon the foregoing analysis, we affirm the trial court's order denying the defendant leave to file a successive postconviction petition.

¶ 14    Affirmed.

¶ 15    JUSTICE HALL, dissenting:

¶ 16    I respectfully disagree with the majority's holding in this case.

¶ 17    In this case, defendant sought leave to file the successive pro se postconviction petition at issue in this appeal on June 28, 2017.  In his motion and in the attached petition, defendant contended that the United States Supreme Court case of *Miller v. Alabama*, 567 U.S. 460 (2012) and its progeny demonstrated that his sentence violated both the Eighth Amendment (U.S. Const., amend. VIII) and the Proportionate Penalties Clause of the Illinois Constitution (Ill. Const.1970, art. I, § 11), and constituted a de facto life sentence.

¶ 18    In articulating "cause" for why he should be allowed to file the successive petition, defendant stated in his motion that there was new legal precedent that was not in place at the time he was sentenced or when he filed his initial postconviction petition in his case.  Further, although defendant never used the word "prejudice", defendant did argue in the substance of the proposed petition that he would serve a de facto life sentence without the possibility of parole until he turned 68 years old; that the sentence was excessive and disproportionate to that of an adult, that as an 18-year-old; his brain was not sufficiently developed as an adult and he should be subject to the youth standard; and that the sentence did not take into account any type of rehabilitation or restoration to useful citizenship.  Defendant also contended that his sentence was unconstitutional, and cited several federal and Illinois cases in support of his position.

¶ 19    Additionally, on appeal, defendant's appellate counsel further contended that our supreme court specifically directed similarly-situated defendants to raise their as-applied state and federal constitutional *Miller* challenges in a postconviction petition so that a record may be developed.  See *People v. Thompson*, 2015 IL 118151, ¶¶ 38-44; *People v. Harris*, 2018 IL 121932, ¶¶ 45-48.

¶ 20    The Act contemplates the filing of only one petition without leave of court.  725 ILCS 5/122-1(f) (West 2016). Section 122-1(f) unambiguously requires a defendant to obtain leave of the trial court prior to filing a successive postconviction petition.  *People v. Smith*, 2014 IL 115946, ¶ 33. The trial court may grant leave to file a successive petition only if the petitioner demonstrates cause for the failure to bring the claim in the initial postconviction proceedings and that prejudice results from that failure.  *Id.*  For purposes of the test, "cause" is defined as some objective factor external to the defense that prevented counsel from raising the claim in an earlier proceeding.  *People v. Pitsonbarger*, 205 Ill. 2d 444, 460 (2002).  "Prejudice" is shown where the claimed constitutional error so infected the entire trial that the resulting conviction or sentence violates due process.  *Pitsonbarger*, 205 Ill. 2d at 464.  The denial of a defendant's motion for leave to file a successive postconviction petition is reviewed de novo.  *People v. Bailey*, 2017 IL 121450, ¶ 13.

¶ 21    In this case, just as in the case of similarly situated defendants, the current state of the law is that *Miller* and its progeny do not apply to defendants who have reached 18 years or older. However, as noted above, our supreme court has indicated that proper venue for young adult offenders (aged 18 to 24) to make the argument that the juvenile sentencing guidelines should apply to them (including studies that show that young adult minds are not as developed as adult

minds and that the considerations of youth should apply) is in postconviction proceedings where a record can be developed. See *Thompson*, 2015 IL 118151, ¶¶ 38-44; *Harris*, 2018 IL 121932, ¶¶ 45-48. If the appellate courts continue to deny these offenders leave to file the successive postconviction petitions in order to even make the argument (not to decide the merits of the argument), then the defendants remain in the "catch 22" prejudice cycle noted by the court in *People v. Carrasquillo*, 2020 IL App (1st) 180534, ¶ 109 ("defendant has shown prejudice by establishing a 'catch 22'- without a developed record, he cannot show that his constitutional claim has merit, and without a meritful claim, he cannot proceed to develop a record."). As such, I would find that defendant sufficiently established prejudice based on the substance of his pro se petition, and grant him leave to file a successive postconviction petition.

¶ 22    To be clear, I do not diminish the seriousness of the offense committed by defendant or the fact that such offense is subject to an appropriate sentence. Nor do I express any opinion as to the merits or outcome of defendant's *Miller* challenge to his sentence for an offense committed when he was 18 years old. I would only find that defendant is entitled to utilize postconviction proceedings to develop the record in order to raise a purported constitutional challenge to his sentence as contemplated by our supreme court. See *Ruiz*, 2020 IL App (1st) 163145, ¶ 53; *Johnson*, 2020 IL App (1st) 171362, ¶ 26.