NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 200195-U

NO. 4-20-0195

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 13, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Clark County |
| THOMAS C. MESSINA, | ) | No. 14CF21 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Tracy W. Resch, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices DeArmond and Steigmann concurred in the judgment.

**ORDER**

¶ 1     *Held:* The trial court did not err in summarily dismissing defendant's *pro se* postconviction petition.

¶ 2     On March 17, 2020, the trial court summarily dismissed defendant Thomas C. Messina's postconviction petition during the first stage of proceedings under the Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 to 122-7 (West 2020)). Defendant appeals, arguing the trial court erred in summarily dismissing his petition because he stated the gist of a constitutional claim his sentence violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11) based on the facts in this case. We affirm the summary dismissal of defendant's petition.

¶ 3                         I. BACKGROUND

¶ 4     On February 26, 2014, the State charged defendant with three counts of first

degree murder (720 ILCS 5/9-1(a)(1),(2) (West 2014)), alleging he caused the death of Gregory Scott Collins on January 14, 2014. On August 8, 2014, the State filed additional charges against defendant, including aggravated arson (720 ILCS 5/20-1.1 (West 2014)), residential arson (720 ILCS 5/20-1(b) (West 2014)), unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2014)), and aggravated cruelty to animals (510 ILCS 70/3.02(a) (West 2014)). Defendant was 19 years old at the time the charged offenses occurred. On January 9, 2015, when defendant was 20 years old, he entered an open guilty plea to one count of first degree murder. Before accepting the plea, the trial court asked about the terms of the plea. Defense counsel responded the State had agreed to a sentencing range of between 20 to 60 years, noting:

"There are possibilities for extended term up to 100 years or life based on factors.

We are under the understanding that neither the aggravated factors nor the extended term apply, and therefore, the range would be 20 to 60 years."

The State told the court the extended term provisions of the Unified Code of Corrections were not applicable. The State agreed the sentencing range on the open plea would be 20 to 60 years.

¶ 5 The trial court admonished defendant with regard to his open guilty plea, telling defendant the court would sentence him to a term of imprisonment between 20 and 60 years based on all relevant information presented to it at the sentencing hearing including evidence in aggravation and mitigation, information in the presentence investigation report, any statement in allocution defendant wished to make, arguments of both the State and defense counsel, and statutory aggravating and mitigating factors. The court told defendant the sentence imposed might be more harsh or more lenient than the recommendations made by the State and/or defense counsel. The court also informed defendant he would not be eligible for probation or conditional discharge, would be required to serve 100% of his sentence, and would have to serve a three-year

period of mandatory supervised release. Defendant makes no argument with regard to the court's admonishments and does not argue his plea was not knowing and voluntary.

¶ 6    The State indicated it would present evidence at trial defendant entered the home of Gregory Scott Collins on January 14, 2014, and intentionally and without lawful justification stabbed Collins multiple times with a knife causing Collins's death. The trial court found a factual basis existed for defendant's plea. Further, the court found defendant's plea was knowing and voluntary. The court ordered the probation office to prepare a presentence investigation report and set a sentencing hearing for April 10, 2015.

¶ 7    On April 9, 2015, defendant and the State informed the trial court they had reached an agreement as to defendant's sentence. Defendant agreed to a prison sentence of 45 years to be served in its entirety with credit for 408 days previously served. For the record, the court indicated defendant previously entered an open guilty plea to one count of first degree murder. The court also noted a presentence investigation report had been filed on March 2, 2015, and supplements to the report were filed on March 13, March 23, and March 24, 2015. Further, the court indicated it had read the report and the supplements in preparation for the scheduled sentencing hearing set for the next day. The court then explained to defendant what would occur at a sentencing hearing if defendant did not enter into the agreement as to his sentence. The court told defendant what the sentencing range would be if defendant chose to have the court sentence him and told defendant he would have to serve the entire sentence imposed by the court. Defendant stated he understood.

¶ 8    The trial court then stated the negotiated agreement would require defendant to serve a fixed term of 45 years in prison with credit for 408 days previously served and defendant would be responsible for $603 in court costs and $5104 in medical expenses incurred while in

custody. Defendant indicated this was the agreement. The court found defendant was knowingly and voluntarily entering into the sentencing agreement and waiving his right to present mitigating evidence. In addition, the court found the sentencing agreement was appropriate and concurred in the negotiation. The court sentenced defendant pursuant to the agreed terms and admonished defendant of his appeal rights. Defense counsel then verified the other charges pending against defendant were dismissed.

¶ 9        Defendant did not file a direct appeal.

¶ 10        On March 9, 2020, defendant filed a *pro se* postconviction petition. Defendant indicated he pled guilty to the first degree murder charge in exchange for a sentence of 45 years which he was required to serve in its entirety. According to his petition, he did not move to withdraw his guilty plea because he was young, immature, and was ignorant of the law. Defendant's petition indicated he was 19 years old when he was arrested and 20 years old when he entered his guilty plea.

¶ 11        In addition, defendant alleged he would not have entered into the guilty plea and would have proceeded to a jury trial if he had received better representation in the trial court. According to defendant, he was "rushed" into entering the guilty plea because the State's initial plea offer was for a minimum 52-year sentence and the State indicated it would seek consecutive sentences if defendant was convicted of both first degree murder and aggravated arson. The State then offered defendant the opportunity to plead guilty to one count of first degree murder in exchange for the State dismissing the other pending charges.

¶ 12        According to the petition, defendant alleged he had many arguments and disagreements with his appointed trial counsel, attempted to "fire" his trial counsel, and asked for a different attorney. However, his request for new counsel was denied.

- 4 -

¶ 13        Defendant also alleged he had acquired more knowledge of legal proceedings and "found newly discovered evidence pertaining to juvenile and young adult cases." Instead of identifying any new evidence, defendant cited *People v. House*, 2019 IL App (1st) 110580-B, 142 N.E.3d 756; *People v. Buffer*, 2019 IL 122327, 137 N.E.3d 763; and *Miller v. Alabama*, 567 U.S. 460 (2012). Defendant indicated he did not have a prior violent criminal history and was taking prescription medication at the time of his plea, including Adderall and haloperidol. Further, defendant alleged he was "at a loss of feeling" when he entered his guilty plea because he believed his mother and grandmother would have testified against him if he went to trial. Defendant noted he had a history of mental health and substance abuse issues.

¶ 14        On March 17, 2020, in a written order, the trial court summarily dismissed defendant's petition. The order indicated defendant entered an open guilty plea to first degree murder on January 9, 2015, which had a statutory sentencing range of 20 to 60 years in prison (730 ILCS 5/5-4.5-20(a) (West 2014)). On April 9, 2015, the court accepted a sentencing agreement requiring defendant to serve a 45-year prison sentence in its entirety. Defendant filed neither a motion to withdraw his fully negotiated plea nor a direct appeal.

¶ 15        Although recognizing the petition was not timely, the court indicated it would consider the claims in defendant's petition. The court noted defendant failed to attach any supporting documents or explain why he did not as required by section 122-2 of the Postconviction Act (725 ILCS 5/122-2 (West 2020)). With regard to defendant's assertions concerning his trial counsel's representation, the court stated the petition did not contain allegations that would support an ineffective assistance of counsel claim. Further, according to the court, the record affirmatively showed defendant was not rushed into his plea.

¶ 16        As for defendant's assertions regarding his lack of a violent criminal history, his

emotional reaction when he learned his mother and grandmother would testify against him at trial, his lack of legal knowledge and maturity at the time of his plea, his age at the time of the plea (20), and his history of substance abuse and mental health issues, the trial court indicated defendant did not allege a substantial denial of his constitutional rights. The court stated:

> "The petition is devoid of any reference to a specific constitutional provision and does not allege that any of these circumstances caused [defendant] to suffer a violation of his constitutional rights. To the extent any of the foregoing allegations might be construed to allege facts, if at all, no affidavits, records or other evidence is offered in support of those allegations."

¶ 17 With regard to defendant's allegations about newly discovered evidence in juvenile and young adult cases and his citations of *House*, *Miller*, and *Buffer*, the trial court stated:

> "Though the petition does not identify or argue a particular point of law, this court will treat the claim as one based upon *Miller v. Alabama*, a historic ruling by the U.S. Supreme Court which held that imposing on a juvenile offender a mandatory sentence of life without the possibility of parole, without consideration of the defendant's youth and its attendant characteristics violate the eighth amendment. *Miller* applies retroactively to cases on collateral review. *Montgomery v. Louisiana*, 577 U.S. [190] (2016).
>
> *People v. Reyes*, 2016 IL 119271, extended *Miller's* holding barring juveniles from mandatory natural life sentences to include mandatory *de facto* life sentences. Mr. Messina was not sentenced to a mandatory natural life sentence and, therefore, presumably seeks relief on a claim that his sentence is a mandatory

- 6 -

*de facto* life sentence.

The eighth amendment prohibits, *inter alia*, 'cruel and unusual punishments' and applies to the states through the fourteenth amendment. The cases on which defendant's petition relies are cases involving juveniles who committed murder, and each case dealt with the applicability of the rule of law that 'children are constitutionally different from adults for purposes of sentencing.' These cases are distinguishable from the case-at-hand because [defendant] was not a juvenile at the time he committed the offense of first degree murder.

[Defendant] was born May 26, 1994 (according to the mittimus). At the time of the offense (January 14, 2014), he was 19 years, 7 months[,] and 19 days old. He was sentenced to 45 years['] incarceration. The cases cited by [defendant] govern sentences imposed on juveniles. [Defendant] was not a juvenile at the time of the offense; he was an adult. The case law cited in the petition does not support defendant's claim that, as an adult offender, the sentence of 45 years' incarceration constitutes a substantial denial of his constitutional rights.

It is not the court's role in a post-conviction proceeding to construct, on defendant's behalf, an argument with facts in support of a claim that the statute under which he was sentenced is unconstitutional. The defendant bears the burden of alleging and presenting facts to support a claim of a substantial denial of his rights under the U.S. Constitution or the Illinois Constitution or both. [Defendant] has wholly failed to do that.

The court finds that the 45[-]year sentence imposed on defendant for a crime he committed when he was 19 years old did not violate the eighth amendment to the United States Constitution."

As a result, the court found the petition was " 'frivolous or is patently without merit' " and summarily dismissed the petition.

¶ 18        This appeal followed.

¶ 19                              II. ANALYSIS

¶ 20        On appeal, defendant argues the trial court erred in summarily dismissing his postconviction petition during the first stage of proceedings under the Postconviction Act (725 ILCS 5/122-1 to 122-7 (West 2020)).  The Postconviction Act provides a collateral path for a defendant to challenge his conviction or sentence based on a federal or state constitutional violation.  *People v. Jones*, 211 Ill. 2d 140, 143, 809 N.E.2d 1233, 1236 (2004).  The trial court in this case dismissed defendant's petition during the first stage of postconviction proceedings. At the first stage, the trial court must determine whether the petition is frivolous or patently without merit.  725 ILCS 5/122-2.1(a)(2) (West 2020).  "A post-conviction petition is considered frivolous or patently without merit only if the allegations in the petition, taken as true and liberally construed, fail to present the 'gist of a constitutional claim.' "  *People v. Edwards*, 197 Ill. 2d 239, 244, 757 N.E.2d 442, 445 (2001).  A petition may also be summarily dismissed when the record completely contradicts the defendant's claim.  *People v. Brown*, 236 Ill. 2d 175, 185, 923 N.E.2d 748, 754 (2010).

¶ 21        We apply a *de novo* standard when reviewing a trial court's decision to summarily dismiss a postconviction petition.  *People v. Gaultney*, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996).  We may affirm a trial court's order dismissing a postconviction petition based on any

reason supported by the record if the court's judgment is correct. *People v. Green*, 2012 IL App (4th) 101034, ¶ 30, 970 N.E.2d 101.

¶ 22 Defendant argues his postconviction petition stated the gist of a constitutional claim his 45-year prison sentence, which he had to serve in its entirety, violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11) based on the facts and circumstances of this case. The State asserts defendant did not make this particular argument in his petition.

¶ 23 While defendant acknowledges his petition did not specifically mention the proportionate penalties clause, he argues the trial court should have realized he was making a proportionate penalties argument pursuant to our state constitution (Ill. Const. 1970, art. I, § 11) because he cited *Miller*, *Buffer*, and *House*. Based on the particular facts in this case and liberally construing defendant's petition, we reject the State's argument we should affirm because defendant did not specifically mention the proportionate penalties clause (Ill. Const. 1970, art. I, § 11). The trial court realized defendant was arguing his sentence was not constitutional based on the line of cases following the United States Supreme Court's decision in *Miller*. However, it appears the trial court may not have realized *House* involved an adult defendant who was making an argument his sentence violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). While we will construe defendant's citation to *House* as a proportionate penalties clause argument, we stress our generous construction here is unique to the particular facts and circumstances in this case and should not be interpreted to permit a postconviction petitioner to meet his pleading requirements by simply citing cases without explanation.

¶ 24 We next turn to whether defendant's claim is frivolous or patently without merit

based on the record. The trial court determined defendant's 45-year sentence did not violate the eighth amendment to the United States Constitution because defendant was sentenced for a crime he committed when he was 19 years old.

¶ 25        In a series of cases, the United States Supreme Court has held the eighth amendment to the federal constitution prohibits defendants who commit crimes while a juvenile from receiving a death sentence (*Roper v. Simmons*, 543 U.S. 551, 578-79 (2005)), mandatory life sentences without the possibility of parole for nonhomicide offenses (*Graham v. Florida*, 560 U.S. 48, 82 (2010)), and mandatory life sentences without the possibility of parole for homicide (*Miller*, 567 U.S. at 489). The Supreme Court held "children are constitutionally different from adults for purposes of sentencing." *Miller*, 567 U.S. at 471.

¶ 26        Our supreme court in *People v. Holman*, 2017 IL 120655, ¶ 40, 91 N.E.3d 849, held *Miller* applied to discretionary life sentences without the possibility of parole for crimes committed by a juvenile. In *People v. Reyes*, 2016 IL 119271, ¶¶ 9-10, 63 N.E.3d 889, our supreme court also said *Miller* applied to a mandatory term of years sentence that was the functional equivalent of life without the possibility of parole—a *de facto* life sentence. In *Buffer*, 2019 IL 122327, ¶ 40, our supreme court found a sentence of more than 40 years for a crime committed by a juvenile constitutes a *de facto* life sentence.

¶ 27        Here, defendant was not a juvenile when he committed the murder for which he agreed to receive a 45-year sentence to be served in its entirety. As a result, his sentence did not violate the eighth amendment because the United States Supreme Court has drawn the line for an eighth amendment *Miller* claim at 18 years of age. *Harris*, 2018 IL 121932, ¶ 60 (quoting *Roper v. Simmons*, 543 U.S. 551, 574 (2005)). Nonetheless, some Illinois Appellate Court districts have interpreted our supreme court's opinions in *People v. Thompson*, 2015 IL 118151, ¶ 1, 43

N.E.3d 984, and *People v. Harris*, 2018 IL 121932, ¶ 1, 120 N.E.3d 900, as allowing a young adult under 21 years of age when the offense was committed to rely on the reasoning in *Miller* and its progeny to argue a sentence violates the Illinois proportionate penalties clause (Ill. Const. 1970, art. I, § 11). We note the defendants in *Thompson* and *Harris* neither entered a guilty plea nor agreed to a specific sentence. *Thompson*, 2015 IL 118151, ¶¶ 5-7; *Harris*, 2018 IL 121932, ¶¶ 3-16.

¶ 28 In *House*, 2019 IL App (1st) 110580-B, ¶ 64, the First District found the mandatory natural life sentence a defendant received for a crime he committed when he was 19 years old violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11) based on the circumstances of his case, the reasoning behind the *Miller* decision, and other recent changes in statutory and case law. *House*, 2019 IL App (1st) 110580-B, ¶ 64. Like the defendants in *Thompson* and *Harris*, the defendant in *House* neither entered a guilty plea nor agreed to a specific sentence.

¶ 29 Our supreme court recently reversed the First District's decision and remanded the case for further postconviction proceedings. *People v. House*, 2021 IL 125124, ¶ 3. According to our supreme court, the First District erred by holding the defendant's mandatory natural life sentence imposed pursuant to section 5-8-1(a)(1)(c)(ii) of the Unified Code of Corrections (730 ILCS 5/5-8-1(a)(1)(c)(ii) (West 1992)) violated the proportionate penalties clause as applied to the circumstance in the defendant's case because the defendant did not develop the evidentiary record to establish the alleged violation and the trial court made no factual findings on the as-applied constitutional challenge. *House*, 2021 IL 125124, ¶ 31. Because the supreme court determined the record required further development, the court remanded the case to the circuit court for second-stage postconviction proceedings. *House*, 2021

IL 125124, ¶ 32.

¶ 30        We acknowledge the supreme court in *House* did not address its recent opinion in

*People v. Dorsey*, 2021 IL 123010.  In *Dorsey*, our supreme court held a juvenile's sentence of

more than 40 years is not a *de facto* life sentence if the defendant has the opportunity to earn

enough credit against his sentence to be released from prison before serving more than 40 years.

*Dorsey*, 2021 IL 123010, ¶ 63.  Once again, the defendant in *Dorsey* neither entered a guilty plea

nor agreed to the sentence he received.

¶ 31        Citing the United States Supreme Court's recent opinion in *Jones v. Mississippi*,

593 U.S. ___, ___, 141 S. Ct. 1307, 1311 (2021), our supreme court noted a sentence of more

than 40 years for a juvenile does not constitute an unconstitutional life sentence under the eighth

amendment if the trial court had the discretion to sentence the defendant to prison for a term of

40 or fewer years.  Our supreme court explained:

> "[T]he defendant's eighth amendment argument that 'the sentencer must make a
>
> finding of permanent incorrigibility' before imposing a discretionary life without
>
> parole sentence 'is inconsistent with the [Supreme] Court's precedents.'
>
> [Citation.]  Instead, the [Supreme] Court found that the eighth amendment allows
>
> juvenile offenders to be sentenced to life without parole as long as the sentence is
>
> not mandatory and the sentencing court had discretion to consider youth and
>
> attendant characteristics but that no factfinding by the sentencer is required.
>
> [Citation.]  The [Supreme] Court noted that *Miller* and *Montgomery* squarely
>
> rejected the idea that the eighth amendment 'requires more than just a
>
> discretionary sentencing procedure' [citation] and that *Montgomery* stated that
>
> ' "*Miller* did not impose a formal factfinding requirement" and that "a finding of

fact regarding a child's incorrigibility *** is not required." [Citation.]' " *Dorsey*, 2021 IL 123010, ¶ 40 (quoting *Jones*, 141 S. Ct. at 1311-16). Our supreme court stated its holding in *Holman* "that *Miller* and *Montgomery* apply to *discretionary* life without parole sentences" is questionable after *Jones*. (Emphasis added.) *Dorsey*, 2021 IL 123010, ¶ 41. Again, unlike in this case, the defendant in *Holman* did not enter a guilty plea or agree to the sentence he received. *Holman*, 2017 IL 120655, ¶¶ 6-17.

¶ 32 We recognize defendant in the instant case is not arguing his sentence violated the eighth amendment. Instead, defendant is arguing his 45-year sentence, which he agreed to receive, violated our state proportionate penalties clause (Ill. Const. 1970, art. I, § 11) because he was under 21 years of age when he committed the offense for which he was being sentenced. However, unlike the supreme court cases we have previously discussed, defendant in this case both entered a guilty plea and agreed to the fully negotiated 45-year prison sentence he received.

¶ 33 In motions for leave to cite supplemental authority, which we granted, defendant asked this court to consider *People v. Chambers*, 2021 IL App (4th) 190151, and *People v. Daniels*, 2020 IL App (1st) 171738, 163 N.E.3d 1216. We find *Chambers* and the instant case factually distinguishable. Unlike the case *sub judice*, the defendant in *Chambers* did not agree to a specific sentence. Pursuant to the plea in *Chambers*, the defendant was subject to the normal sentencing range of 20 to 60 years for first degree murder. *Chambers*, 2021 IL App (4th) 190151, ¶ 6. Further, again unlike this case, the defendant in *Chambers* presented evidence regarding his background, and defense counsel recommended a sentence of 30 years' imprisonment at the sentencing hearing. *Chambers*, 2021 IL App (4th) 190151, ¶¶ 25-33. The trial court exercised its discretion when it sentenced the defendant to a term of 42 years' imprisonment to be served in its entirety. *Chambers*, 2021 IL App (4th) 190151, ¶ 40. Because

*Chambers* is factually distinguishable from our case, we need not address it further.

¶ 34    On the other hand, the trial court in *Daniels*, like the trial court in this case, imposed a negotiated sentence on the defendant. However, the First District in *Daniels* found the defendant was not barred from challenging his sentence pursuant to our state proportionate penalties clause. *Daniels*, 2020 IL App (1st) 171738, ¶¶ 5-6.

¶ 35    In *Daniels*, the defendant raised his state proportionate penalties clause argument in a motion for leave to file a successive postconviction petition. *Daniels*, 2020 IL App (1st) 171738, ¶ 9. The circuit court denied his motion. *Daniels*, 2020 IL App (1st) 171738, ¶ 10. On appeal, the State argued Daniels was barred from raising an as-applied challenge to a sentence he agreed to as part of a negotiated guilty plea. *Daniels*, 2020 IL App (1st) 171738, ¶ 15. The First District disagreed, stating:

> "Mr. Daniels did not and could not have known at the time of his guilty plea that
> he could argue his natural-life sentence—a sentence he submitted to in order to
> avoid execution—was constitutionally disproportionate as applied to him. Our
> supreme court would not recognize the potential viability of youth-based claims
> made by young-adult offenders for another 20 years."

*Daniels*, 2020 IL App (1st) 171738, ¶ 18. However, the First District in *Daniels* did not have the benefit of our supreme court's analysis in *Dorsey* and *People v. Jones*, 2021 IL 126432, ¶ 26, regarding the state proportionate penalties clause (Ill. Const. 1970, art. I, § 11) and negotiated guilty pleas, respectively.

¶ 36    Pursuant to *Dorsey*, 2021 IL 123010, ¶ 73, Daniels's proportionate penalties clause argument would not have been a novel claim that did not exist when defendant agreed to a natural life sentence. *Dorsey* held "*Miller*'s announcement of a new substantive rule under the

- 14 -

eighth amendment does not provide cause for a defendant to raise a claim under the proportionate penalties clause" in a successive postconviction petition because "Illinois courts have long recognized the differences between persons of mature age and those who are minors for purposes of sentencing." *Dorsey*, 2021 IL 123010, ¶ 74. The supreme court cited with approval *People v. LaPointe*, 2018 IL App (2d) 160903, ¶ 59, 127 N.E.3d 131, which held "*Miller*'s nonexistence did not prevent defendant from contending that the trial court's alleged failure to consider his youth as a factor in mitigation violated the proportionate-penalties clause."

¶ 37      *Jones* was decided after oral argument in this case. Although the sentence imposed in *Jones* was challenged as violative of the eighth amendment, it seemingly controls our decision here. While noting the juvenile defendant entered a plea to avoid a potential sentence, our supreme court ruled a juvenile defendant's "knowing and voluntary guilty plea waived any constitutional challenge based on subsequent changes in the applicable law." *Jones*, 2021 IL 126432, ¶ 26. Further, the supreme court indicated the trial court exercised discretion by accepting the parties' fully negotiated plea. According to the supreme court:

> "If the judge had found the factual predicate for the plea insufficient, found the defendant's entry of his plea to be involuntary or unintelligent, or determined that the stipulated 50-year sentence was excessive under the facts and circumstances of the case, he could have declined to accept the plea. Because the trial court had the option to accept or reject the plea agreement offered by the parties, its decision necessarily constituted an exercise of its discretion. The trial court's decision to accept the plea agreement and enter a judgment consistent with it, thereby convicting petitioner, in relevant part, of one count of first degree murder and imposing the parties' agreed-on 50-year prison sentence, was not compelled

by the statutory sentencing scheme that applied at the time or by any other legal authority. We therefore reject petitioner's *Miller* challenge.

*Miller*'s additional protections for juvenile offenders apply only when a trial court lacks, or refuses to use, discretion in sentencing a juvenile offender to a life, or *de facto* life, sentence. The trial court in this case did not fail to exercise its discretion in deciding to accept the parties' plea agreement and entering petitioner's convictions and 50-year sentence accordingly. Because petitioner failed to make constitutional claims that were cognizable under *Miller*, it was not error to deny his motion for leave to file a successive postconviction petition."

*Jones*, 2021 IL 126432, ¶¶ 27-28.

¶ 38    Based on our supreme court's reasoning in *Dorsey* and *Jones*, we see no reason to conclude our supreme court would find it appropriate to allow a young adult defendant to pursue a postconviction claim the sentence he agreed to accept after pleading guilty violated our state proportionate penalties clause. We conclude the trial court did not err in summarily dismissing defendant's postconviction petition. After agreeing to the 45-year sentence he received, defendant cannot now argue his agreed upon sentence violates our state proportionate penalties clause. Pursuant to *Dorsey* and *Jones*, defendant should have known he was waiving a proportionate penalties challenge when he agreed to the 45-year sentence.

¶ 39                                III. CONCLUSION

¶ 40    For the reasons stated, we affirm the trial court's dismissal of defendant's postconviction petition.

¶ 41    Affirmed.