2022 IL App (2d) 191061-U
No. 2-19-1061
Order filed February 8, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Stephenson County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 19-CF-32 |
| DEVIN L. MARCUM, | ) ) ) | Honorable Michael Paul Bald, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE BRIDGES delivered the judgment of the court.
Justices McLaren and Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Defendant's as-applied constitutional arguments under the eighth amendment and the proportionate penalties clause were premature because he did not raise them in the trial court, such that they lacked an evidentiary basis and factual findings in the record. For the same reasons, we could not evaluate defendant's ineffective assistance of counsel claim. Therefore, we affirm.

¶ 2    Following a jury trial, defendant, Devin L. Marcum, was found guilty of two counts of first-degree murder (720 ILCS 5/9-1(a)(1) (West 2018)), one count of attempted first-degree murder (720 ILCS 5/8-4 (West 2018)), aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(1) (West 2018)), and aggravated battery with a firearm (720 ILCS 5/12-3.05(e)(1) (West 2018)). He

also pleaded guilty to unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2018)) to avoid the charge coming before the jury. The charges arose from an incident in which defendant shot three men during an argument outside a bar, killing two of them. The trial court sentenced defendant to mandatory natural life sentences for the first-degree murder counts. It found that the aggravated battery with a firearm count merged into the attempted first-degree murder count, for which it imposed a consecutive sentence of 32 years' imprisonment (including a mandatory 25-year firearm enhancement). The trial court imposed a consecutive sentence of 10 years' imprisonment for aggravated discharge of a firearm and a concurrent 8-year sentence for unlawful possession of a weapon by a felon.

¶ 3    On appeal, defendant argues that because he was 23 years old at the time of the offenses, the imposition of the mandatory natural life sentences and mandatory firearm enhancement, without consideration of how his young age affected his decision-making and potential for rehabilitation, violate the eighth amendment's ban on cruel and unusual punishment (U.S. Const., amend. VIII) and Illinois' proportionate penalties clause (Ill. Const. 1970, art. I, § 11), as applied to him. He alternatively argues that his trial counsel was ineffective for failing to raise these arguments below. We affirm.

¶ 4    Defendant extensively cites *Miller v. Alabama*, 567 U.S. 460, 465 (2012), and *People v. Buffer*, 2019 IL 122327, in support of his eighth amendment argument. *Miller* held that it was a violation of the eighth amendment to sentence a juvenile defendant to mandatory life imprisonment without the possibility of parole, because it prevents the sentencing court from considering a juvenile's decreased culpability and greater capacity for change. *Miller*, 567 U.S. at 465. *Buffer* held that a prison sentence of 40 years or more for a juvenile offender constitutes a *de facto* life sentence, and it violates the eighth amendment if the sentence is imposed without considering the

defendant's youth and attendant characteristics. *Buffer*, 2019 IL 122327, ¶ 42. Defendant notes that *Buffer* cited section 5-4.5-105(a) of the Unified Code of Corrections (730 ILCS 5/5-4.5-105(a) (West 2016)), which requires that before a court sentences a defendant who was under 18 when he committed the offense, the court must consider a list of additional factors in mitigation that take into account a juvenile defendant's youth. *Buffer*, 2019 IL 122327, ¶ 36. Also, the imposition of firearm enhancements is now discretionary for juvenile offenders. *Id.* (citing 730 ILCS 5/5-4.5-105(b), (c) (West 2018)).

¶ 5    Defendant notes that *Buffer* stated that *Miller* has language that is significantly broader than its core holding (*id.* ¶ 25), and he argues that *Buffer* demonstrates the Illinois supreme court's willingness to expand on *Miller*'s holding. Defendant highlights that the Illinois legislature has also made changes to the law as it relates to youthful offenders. According to defendant, in the years since the *Miller* decision, "a wealth of research in neurobiology and developmental psychology has shown that the brain does not finish developing until one's mid-20's," and he cites various articles. He maintains that several European countries have already extended juvenile justice to include young adults, demonstrating that drawing a hard line at age 18 is simply not reflective of the realities of brain development or the aim of rehabilitating young offenders.

¶ 6    Defendant argues that his mandatory life sentences and mandatory firearm add-on likewise violate Illinois' proportionate penalties clause. The proportionate penalties clause states, "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. A statute violates the proportionate penalties clause if "the punishment for the offense is cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community." *People v. Miller*, 202 Ill. 2d 328, 338 (2008). Punishments satisfying this standard have not been

delineated because "as our society evolves, so too do our concepts of elemental decency and fairness which shape the 'moral sense' of the community." *Id.* at 339.

¶ 7    Defendant points out that in *People v. Clemons*, 2012 IL 107821, ¶ 40, our supreme court stated that the proportionate penalties clause's "objective of rehabilitation[] went beyond the framers' understanding of the eighth amendment and is not synonymous with that provision." Defendant argues that the mandatory sentences imposed on him are morally shocking in light of evolving societal standards of decency, and youthful offenders present an especially compelling case for an enhanced focus on rehabilitation as required under the Illinois Constitution.

¶ 8    Defendant argues that *Miller*, *Graham v. Florida*, 560 U.S. 48 (2010) (prohibiting life without the possibility of parole for juvenile non-homicide offenders), and *Roper v. Simmons*, 543 U.S. 551 (2005) (prohibiting the death penalty for juvenile offenders) are all grounded in the conclusion that juveniles are less deserving of the most severe punishments because they have less culpability than adults, requiring individualized consideration during sentencing. Defendant asserts that although these three cases limited their application of such principles to youth under 18 years old, since their publication further research in neurobiology and developmental psychology has shown that young adults are more similar to adolescents than fully mature adults in important ways, including that they are more susceptible to peer pressure, less future-oriented, and more volatile in emotionally-charged settings. Defendant maintains that, most notably, young adults like him are highly amenable to rehabilitation and being restored to useful citizenship. Defendant argues that the mandatory sentences, without consideration of the case's or his own circumstances, therefore shock the moral sense of the community and undermine the proportionate penalties clause's plain language that a defendant's penalty be imposed with the objective of restoring him to useful citizenship.

¶ 9    Defendant argues that we should remand his case for resentencing. Defendant recognizes that the court arrived at a different conclusion in *People v. Harris*, 2018 IL 121932, ¶ 36. There, the defendant argued on direct appeal that his aggregate 76-year sentence was unconstitutional as applied under the proportionate penalties clause. The defendant was 18 years old at the time of his offenses. *Id.* ¶ 45. The supreme court stated that because the defendant was an adult, *Miller* did not directly apply to his case, and the record had to be sufficiently developed to address his claim that *Miller* applied to his circumstances. *Id.* Specifically, the court stated that "the record here does not contain evidence about how the evolving science on juvenile maturity and brain development that helped form the basis for the *Miller* decision applies to defendant's specific facts and circumstances." *Id.* ¶ 46. The court declined the defendant's request to remand the matter for an evidentiary hearing, stating that it was more appropriate for another proceeding, such as a petition under the Post-Conviction Hearing Act (725 ILCS 5/122-1 et seq. (West 2016)) or a petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2016)). *Harris*, 2018 IL 121932, ¶ 48.

¶ 10    However, defendant further cites *People v. Jones*, 2021 IL App (1st) 180996, where under similar circumstances, the appellate court remanded the case for resentencing. The court stated that it did not make sense to deny the defendant's claim only to see the same claim in a postconviction petition. *Id.* ¶ 33. It stated, "In the interests of judicial economy, and given the unique facts of this case, and in light of all of the relevant cases decided since [the] defendant's sentencing such as *Buffer* and *House* [2019 IL App (1st) 110580-B], we remand for resentencing now." *Id.* Defendant argues that we should similarly remand for resentencing here.

¶ 11    Last, defendant alternatively argues that his trial counsel was ineffective for failing to challenge his sentence as violating the eighth amendment and proportionate penalties clause, thereby requiring a remand for a new sentencing hearing.

¶ 12    We note that a facial challenge requires a showing that the statute is unconstitutional under any set of facts, whereas an as-applied challenge is dependent on the particular facts and circumstances of the challenging party. *People v. Holman*, 2017 IL 120655, ¶¶ 29-30. Defendant makes sweeping assertions that appear to challenge the mandatory sentences for a broad class of young adult defendants, but an as-applied challenge requires that defendant challenge the statute only as applied to him.

¶ 13    In any event, to the extent that defendant's arguments can be viewed as an as-applied challenge, we conclude that supreme court precedent, specifically *People v. Thompson*, 2015 IL 118151, *Harris*, 2018 IL 121932, and *People v. House*, 2021 IL 125124, dictates that defendant's claims be brought in a collateral proceeding.

¶ 14    In *Thompson*, the defendant, who was 19 years old when he committed two murders, was sentenced to natural life imprisonment. *Thompson*, 2015 IL 118151, ¶ 7. He subsequently filed a section 2-1401 petition raising various claims, but on appeal from its dismissal he argued for the first time that his sentence violated the eighth amendment and the proportionate penalties clause, both facially and as applied. *Id.* ¶ 17. The supreme court stated that because an as-applied challenge depends on the circumstances and facts of the individual defendant, the record must be sufficiently developed on this subject for appellate review. *Id.* ¶ 37. The court stated:

    "To support his as-applied challenge, defendant relies exclusively on the 'evolving science' on juvenile maturity and brain development that formed the basis of the *Miller* decision to ban mandatory natural life sentences for minors. Defendant maintains that this

science applies with 'equal force' to a criminal defendant who was between the ages of 18 and 21 when the underlying crime was committed. The record here, however, contains nothing about how that science applies to the circumstances of defendant's case, the key showing for an as-applied constitutional challenge. Nor does the record contain any factual development on the issue of whether the rationale of *Miller* should be extended beyond minors under the age of 18. Undoubtedly, the trial court is the most appropriate tribunal for the type of factual development necessary to adequately address defendant's as-applied challenge in this case." *Id.* ¶ 38.

The court stated that the defendant had forfeited his as-applied challenge under *Miller* by raising it for the first time on appeal (*id.* ¶ 38), but that he was not necessarily foreclosed from raising his arguments in the trial court, as he could possibly argue them in a successive postconviction petition or another section 2-1401 petition (*id.* ¶ 44).

¶ 15    The supreme court reached the same conclusion in *Harris*, which we discussed earlier in this disposition. See *supra* ¶ 9.

¶ 16    The supreme court's decision in *House* was released after briefing in this case was complete. There, the defendant, who was 19 years old at the time of the incident, was sentenced to a mandatory natural life term for two first-degree murder convictions and consecutive 60-year terms for each of two aggravated kidnapping convictions. *House*, 2021 IL 125124, ¶ 5. The defendant later filed a postconviction petition that eventually included the allegations that his mandatory natural life sentence violated the eighth amendment and the proportionate penalties clause. *Id.* ¶ 8. The trial court dismissed the petition at the second stage of proceedings, but the appellate court vacated the sentence because it found the defendant's as-applied proportionate penalties argument meritorious. *Id.* ¶¶ 9-10. The parties appealed to the supreme court, which

issued a supervisory order directing the appellate court to vacate its judgment and reconsider the effect of *Harris*. *Id.* ¶ 11. On remand, the parties requested that the appellate court remand the case to the trial court for further second-stage proceedings, but the appellate court denied the request and again vacated the sentence and remanded for resentencing. *Id.* ¶ 12.

¶ 17     The case then came before the supreme court for a second time, which determined that "the appellate court erroneously held that [defendant's] sentence of natural life violated the proportionate penalties clause of the Illinois Constitution as applied to him without a developed evidentiary record or factual findings on the as-applied constitutional challenge." *Id.* ¶ 31. It stated that the defendant did not provide or cite evidence about how the evolving science on juvenile maturity and brain development applied to the defendant's specific facts and circumstances. The supreme court stated that an as-applied finding of unconstitutionality could not be made without an evidentiary hearing and factual findings by the trial court regardless of whether the claim was brought on direct review or in a collateral proceeding. *Id.* ¶ 31. The supreme court therefore remanded the case to the trial court for second-stage proceedings. *Id.* ¶ 32.

¶ 18     Here, defendant never raised his as-applied constitutional challenges in the trial court, so like *Thompson*, *Harris*, and *House*, we lack the evidentiary record and factual findings by the trial court necessary to evaluate such claims. Defendant asks that we remand the case for a hearing, but under *Harris*, defendant must bring his claims in a collateral petition, such as a postconviction petition or section 2-1401 petition. *Harris*, 2018 IL 121932, ¶ 48. Defendant's citation to *Jones* for the position that we may remand for resentencing is not persuasive, as *Jones* relied on the appellate court's decision in *People v. House*, 2019 IL App (1st) 110580-B, which the supreme court subsequently reversed in part and vacated in part. See *House*, 2021 IL 125124. The appellate

court decision in *House* was also contrary to *Thompson* and *Harris*. Accordingly, we decline to follow *Jones*. See also *People v. Friar*, 2021 IL App (2d) 191104-U, ¶ 57-60 (criticizing *Jones*).

¶ 19    Finally, we address defendant's claim of ineffective assistance of counsel. For such a claim, a defendant must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Hodges*, 234 Ill. 2d 1, 17 (2009). The defendant must show that (1) counsel's performance was deficient, and (2) the deficiency caused prejudice. *People v. Eubanks*, 2021 IL 126271, ¶ 30. Prejudice is demonstrated by showing a reasonable probability that the outcome of the proceeding would have been different absent counsel's errors. *People v. Valdez*, 2016 IL 119860, ¶ 14.

¶ 20    In *People v. Landerman*, 2018 IL App (3d) 150684, the defendant, who was 19 years old at the time of the offense, similarly argued on direct appeal that his counsel was ineffective for failing to raise an as-applied constitutional challenge and present evidence. *Id.* ¶¶ 52, 57. The appellate court concluded that the argument was premature because the record did not disclose what evidence defense counsel could have presented to show how the evolving science could be applied to the case, such that the appellate court could not determine whether the defendant was prejudiced. *Id.* ¶ 52. The court in *People v. Ortega*, 2021 IL App (1st) 182396, ¶ 114, rejected the same argument, stating that it was declining the "defendant's invitation to bypass the clear mandate of *Harris* by considering his claim under the umbrella of ineffective assistance of counsel" and it would "not do indirectly what [it] cannot do directly." We agree with *Landerman* and *Ortega* that a claim of ineffective assistance of counsel is an inappropriate vehicle on direct appeal to bring the type of as-applied constitutional challenges present here, particularly where the record is not sufficiently developed to show prejudice.

¶ 21     Instead, defendant must bring his claims in a collateral petition. We express no opinion on the merits of such a petition (see *Thompson*, 2015 IL 118151, ¶ 44) including whether the allegations would be sufficient to result in an evidentiary hearing under the circumstances of this case.

¶ 22     For the reasons stated, we affirm the judgment of the circuit court of Stephenson County.

¶ 23     Affirmed.