# Illinois Official Reports

## Supreme Court

---

### *People v. Thompson*, 2015 IL 118151

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. DENNIS THOMPSON, Appellant. |
| Docket No. | 118151 |
| Filed | December 3, 2015 |
| Decision Under Review | Appeal from the Appellate Court for the First District, heard in that court on appeal from the Circuit Court of Cook County, the Hon. James L. Rhodes, Judge, presiding. |
| Judgment | Appellate court judgment affirmed.<br>Circuit court judgment affirmed. |
| Counsel on Appeal | Michael J. Pelletier, State Appellate Defender, Alan D. Goldberg and Patricia Mysza, Deputy Defenders, and Tomas G. Gonzalez, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellant.<br><br>Lisa Madigan, Attorney General, of Springfield, and Anita Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Michelle Katz, and Annette N. Collins, Assistant State's Attorneys, of counsel), for the People. |
| Justices | JUSTICE KILBRIDE delivered the judgment of the court, with opinion.<br>Chief Justice Garman and Justices Freeman, Thomas, Karmeier, Burke, and Theis concurred in the judgment and opinion. |

¶ 1    The issue in this appeal is whether a criminal defendant may raise an as-applied constitutional challenge to his mandatory natural life sentence for the first time on appeal from the circuit court of Cook County's dismissal of a petition seeking relief from a final judgment under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2010)). Answering that question in the negative, the appellate court affirmed the circuit court's dismissal of defendant's section 2-1401 petition. 2014 IL App (1st) 121729-U, ¶ 23. For the reasons that follow, we affirm the appellate court's judgment.

¶ 2                                    BACKGROUND

¶ 3    The underlying details of defendant's convictions and sentences have been previously recited by the appellate court. See *People v. Thompson*, No. 1-95-2040 (1997) (unpublished order under Illinois Supreme Court Rule 23). Thus, we do not repeat those details and summarize only the facts relevant to our disposition here.

¶ 4    On March 26, 1994, defendant Dennis Thompson fatally shot his father, Dennis Thompson, Sr., and a woman who was inside his father's house, Don Renee Rouse. Defendant, who was 19 years old at the time, was arrested and charged with two counts of first-degree murder. Defendant confessed to the shootings and directed the police to the murder weapon.

¶ 5    At defendant's bench trial, the evidence revealed that defendant, armed with a loaded firearm, drove to his father's house on the day of the shootings to discuss an earlier "domestic disturbance" between defendant's father and stepmother. After arriving at his father's house, defendant discovered his father drinking alcohol with Rouse, a woman defendant did not know. Defendant followed his father into the kitchen and an argument ensued. Ultimately, defendant shot his father when his father looked inside the refrigerator. Defendant next encountered Rouse, and shot her repeatedly. Defendant then left his father's house. Rouse, fatally wounded but still conscious, called police and identified defendant as the shooter. Defendant was apprehended and confessed to the shootings.

¶ 6    Defendant maintained that his actions were the result of a long history of physical and mental abuse committed by his father and, thus, constituted only second-degree murder. Defendant presented the testimony of several family members who uniformly described defendant's father as a violent and abusive person, especially when his father consumed alcohol. Following closing arguments, defendant was convicted of two counts of first-degree murder.

¶ 7    After the circuit court found defendant guilty, defendant waived a jury for the capital sentencing phase. The parties stipulated that defendant's birthday was April 1, 1974, and he was therefore 19 years old when he committed the murders. The court found defendant eligible for the death penalty but, after hearing evidence in aggravation and mitigation, declined to impose death and sentenced defendant to a term of natural life imprisonment under section 5-8-1(a)(1)(c)(ii) of the Unified Code of Corrections (730 ILCS

5/5-8-1(a)(1)(c)(ii) (West 1994) (natural life sentence for a defendant "found guilty of murdering more than one victim")).

¶ 8        On direct appeal, the appellate court affirmed defendant's convictions and sentences. *People v. Thompson*, No. 1-95-2040 (1997) (unpublished order under Illinois Supreme Court Rule 23). This court denied defendant's petition for leave to appeal. *People v. Thompson*, 175 Ill. 2d 551 (1997) (table).

¶ 9        In 1998, defendant filed his first petition under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 1998)), alleging multiple claims of ineffective assistance of trial counsel. The petition advanced to second-stage review but the trial court ultimately granted the State's motion to dismiss. The appellate court affirmed its dismissal. *People v. Thompson*, No. 1-99-2686 (2001) (unpublished order under Illinois Supreme Court Rule 23).

¶ 10        In 2002, defendant filed a *pro se* petition for a writ of *habeas corpus* in the United States District Court for the Northern District of Illinois, asserting a number of ineffective trial assistance claims. The district court denied defendant's petition. *Thompson v. Briley*, No. 04-3110 (N.D. Ill. Feb. 10, 2005). The Seventh Circuit Court of Appeals affirmed. *Thompson v. Battaglia*, 458 F.3d 614 (7th Cir. 2006).

¶ 11        In 2007, defendant sought leave to file a successive postconviction petition, challenging various aspects of his counsel's performance during his previous state court proceedings. The circuit court denied him leave to file his successive petition, and the appellate court affirmed. *People v. Thompson*, No. 1-07-0763 (2008) (unpublished order under Illinois Supreme Court Rule 23).

¶ 12        In 2009, defendant filed a pleading titled "Article I Free Standing Motion to Vacate," alleging that he was denied his right to capital-qualified counsel. The trial court construed defendant's pleading as a successive postconviction petition and denied the petition because it was filed without leave of court. Defendant did not appeal that denial, but he sought leave to file a successive postconviction petition. The trial court denied defendant's request. Although defendant filed an appeal, he subsequently withdrew that appeal.

¶ 13        On December 28, 2011, defendant filed a petition seeking relief from a final judgment under section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2010)). That petition is the subject of the instant appeal.

¶ 14        In the section 2-1401 petition, defendant alleged that the circuit court "exceeded its jurisdiction" and violated his right to due process by failing to appoint capital-qualified attorneys, rendering his convictions void. Defendant also alleged a number of deficiencies on the part of his counsel during trial, direct appeal, and postconviction proceedings.

¶ 15        The State filed a motion to dismiss, arguing that defendant's petition was untimely filed 17 years after defendant's conviction, the substantive claims were not suitable for a section 2-1401 petition, and the claims in defendant's petition lacked merit. Following arguments, the circuit court granted the State's motion to dismiss.

¶ 16        On appeal, defendant abandoned all of his original claims in the section 2-1401 petition. Instead, defendant relied exclusively on *Miller v. Alabama*, 567 U.S. ___, 132 S. Ct. 2455 (2012), a decision issued by the United States Supreme Court after the circuit court's dismissal of defendant's petition. In *Miller*, the Court held "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.' " *Miller*, 567 U.S. at ___, 132 S. Ct. at 2460.

¶ 17    Citing *Miller*, defendant argued for the first time on appeal that his mandatory life sentence was void and could be challenged at any time because it violated the eighth amendment of the United States Constitution (U.S. Const., amend. VIII) and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). Defendant raised both a facial constitutional challenge and an as-applied constitutional challenge to the applicable sentencing statute. In relevant part, defendant asserted that the sentencing statute was unconstitutional as applied to him because he was 19 years old at the time of the shooting, had no criminal history, and impulsively committed the offense after years of abuse by his father.

¶ 18    The appellate court rejected defendant's contentions, concluding that defendant's as-applied constitutional challenge was not properly before the court when it was raised for the first time on appeal. The court determined that defendant's as-applied challenge did not constitute a challenge to a void judgment. The court explained that because "a *Miller* claim only challenges a sentence as voidable, the challenge may not be raised at any time irrespective of waiver." 2014 IL App (1st) 121729-U, ¶ 18. Accordingly, the court found that defendant's as-applied challenge was procedurally barred, and it affirmed the circuit court's dismissal of defendant's petition. 2014 IL App (1st) 121729-U, ¶ 23.

¶ 19    We allowed defendant's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. July 1, 2013).

¶ 20                                                    ANALYSIS

¶ 21    On appeal, defendant contends that the appellate court erroneously concluded that "it lacked jurisdiction to consider the merits of [defendant's] argument that his mandatory life sentence is unconstitutional and void." Citing *Miller*, defendant argues that the sentencing statute that mandated a natural life sentence for his murder convictions is unconstitutional as applied to him under the eighth amendment because the sentencing statute did not allow the sentencing judge to consider his youth.[1] Defendant acknowledges that *Miller*'s holding is directly applicable only to minors under 18 years of age, but he contends that the logical underpinning of *Miller*, focused on the unique characteristics of youthful offenders and the recognized distinction between juvenile and adult brains, applies with "equal force" to individuals between the ages of 18 and 21.

¶ 22    Defendant does not ask, however, this court to determine whether his as-applied constitutional challenge to his sentence is meritorious under *Miller*. Instead, he argues that "the ultimate substantive merits of [defendant's] claim has no bearing on whether it may be *brought* and considered by the appellate court." (Emphasis in original.) Consequently, defendant asks this court to remand the matter to the appellate court for its substantive review of his as-applied challenge to his mandatory natural life sentence under *Miller*.

¶ 23    The State responds that the appellate court correctly concluded that defendant's as-applied constitutional challenge to his sentence could not be raised for the first time on appeal from dismissal of his section 2-1401 petition. The State notes that defendant's section

---

[1]Although defendant raised a facial constitutional challenge to his sentence in the appellate court, he does not reassert that challenge here. Indeed, in his reply brief defendant emphasizes that he "is not arguing that the statute under which he was sentenced is facially unconstitutional."

2-1401 petition did not contain an as-applied constitutional challenge to his sentence, was not timely filed, and failed to allege a meritorious defense and due diligence.

¶ 24 The State argues that the void judgment rule exception to the procedural bars of section 2-1401 of the Code should be construed narrowly. More specifically, the State contends that a voidness challenge is exempt from the timing, due diligence, and meritorious defense requirements of section 2-1401 only when it involves a judgment issued by a court that lacked personal or subject matter jurisdiction, or when it involves a facially unconstitutional statute that is void *ab initio*. Because defendant's as-applied challenge involves neither situation, the State argues that the appellate court properly declined to consider his as-applied challenge for the first time on appeal.

¶ 25 To resolve the controversy in this appeal, we must decide whether defendant's as-applied constitutional challenge to his sentence is procedurally barred or forfeited because defendant failed to include that claim in his section 2-1401 petition. This presents a question of law that we review *de novo*. See *People v. Vincent*, 226 Ill. 2d 1, 18 (2007) (reviewing *de novo* a section 2-1401 petition dismissed on legal grounds).

¶ 26 As a preliminary matter, however, we must address the appellate court's perception of its "jurisdiction" in this case. See *People v. Lewis*, 234 Ill. 2d 32, 36-37 (2009) (observing that a court of review has an independent duty to consider jurisdiction). Specifically, the appellate court's unpublished order made two separate statements indicating that the court believed it lacked "jurisdiction." As the State correctly concedes, the appellate court's assessment of its jurisdiction was inaccurate. The appellate court obtained jurisdiction in this matter when defendant timely filed his notice of appeal from the circuit court's order dismissing his section 2-1401 petition. *Lewis*, 234 Ill. 2d at 37.

¶ 27 Despite the appellate court's imprecise description of its jurisdiction, we agree with the State that it did not alter the court's substantive analysis of the forfeiture issue. Indeed, the appellate court properly exercised its jurisdiction when it reviewed the procedural posture of defendant's as-applied constitutional challenge and concluded that defendant forfeited that claim by raising it for the first time on appeal.

¶ 28 We next address the parties' respective arguments on forfeiture and defendant's section 2-1401 petition, the primary focus of this appeal. Section 2-1401 of the Code constitutes a comprehensive statutory procedure authorizing a trial court to vacate or modify a final order or judgment in civil and criminal proceedings. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31. Ordinarily, a petition seeking relief under section 2-1401 must be filed more than 30 days from entry of the final order but not more than 2 years after that entry. 735 ILCS 5/2-1401(a), (c) (West 2010).

¶ 29 When a petition is filed after the two-year limitations period and there is no basis to excuse the delay, the petition cannot be considered unless the limitations period is waived by the opposing party. *People v. Pinkonsly*, 207 Ill. 2d 555, 562 (2003). Relevant to the controversy in this appeal, however, this court recognizes an exception to the ordinary two-year deadline when the petition challenges a void judgment. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002).

¶ 30 Here, defendant's section 2-1401 petition was filed approximately 17 years after his conviction and sentence, well outside the 2-year limitations period. Nonetheless, defendant argues that his as-applied constitutional challenge constitutes a challenge to a "void"

judgment for purposes of section 2-1401. Thus, defendant contends that he can raise his claim for the first time on appeal from dismissal of his petition because a voidness challenge can be raised at any time under *Sarkissian*. For the same reason, defendant further contends that his claim was excused from the general rules applicable to section 2-1401 petitions, including the two-year limitations period and requisite allegations of due diligence and a meritorious defense. We disagree.

¶ 31 As this court's applicable decisions demonstrate, a voidness challenge to a final judgment under section 2-1401 that is exempt from the ordinary procedural bars is available only for specific types of claims. Typically, the petitioner will allege that the judgment is void because the court that entered the final judgment lacked personal or subject matter jurisdiction. See *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 38 (reviewing a section 2-1401 petition and concluding that "only the most fundamental defects, *i.e.*, a lack of personal jurisdiction or lack of subject matter jurisdiction as defined in *Belleville Toyota*[, 199 Ill. 2d 325, 341 (2002),] warrant declaring a judgment void"); *Sarkissian*, 201 Ill. 2d at 105 (reviewing the petitioner's allegations that a default judgment was void because the trial court lacked personal jurisdiction based on defective service of process). A voidness challenge based on a lack of personal or subject matter jurisdiction is not subject to forfeiture or other procedural restraints because a judgment entered by a court without jurisdiction "may be challenged in perpetuity." *LVNV Funding*, 2015 IL 116129, ¶ 38.

¶ 32 A second type of voidness challenge that is exempt from forfeiture and may be raised at any time involves a challenge to a final judgment based on a facially unconstitutional statute that is void *ab initio*. When a statute is declared facially unconstitutional and void *ab initio*, it means that the statute was constitutionally infirm from the moment of its enactment and, therefore, unenforceable. *People v. Davis*, 2014 IL 115595, ¶ 25 (citing *People v. Blair*, 2013 IL 114122, ¶ 28). Particularly relevant to this appeal, though, this court has held that the void *ab initio* doctrine does *not* apply to an as-applied constitutional challenge. *Hill v. Cowan*, 202 Ill. 2d 151, 156 (2002); *People v. Jackson*, 199 Ill. 2d 286, 300 (2002).

¶ 33 A third type of voidness challenge to a final judgment under section 2-1401 recognized by this court is a challenge to a sentence that does not conform to the applicable sentencing statute. See *People v. Harvey*, 196 Ill. 2d 444, 447-48 (2001) (reviewing section 2-1401 petition that alleged an extended-term sentence was void when it allegedly exceeded the permissible sentencing range). This type of challenge is based on the "void sentence rule" from *People v. Arna*, 168 Ill. 2d 107, 113 (1995), holding that a sentence that does not conform to a statutory requirement is void. Recently, however, this court abolished the void sentence rule. *People v. Castleberry*, 2015 IL 116916, ¶ 19. Consequently, that type of challenge is no longer valid.

¶ 34 Here, defendant does not allege that his mandatory natural life sentence is void based on the trial court's lack of personal jurisdiction or subject matter jurisdiction. Nor does defendant allege that his sentence is void based on a facially unconstitutional statute that is void *ab initio*. In other words, defendant's claim is not a type recognized by any of our precedents as exempt from the typical procedural bars of section 2-1401.

¶ 35 Despite the lack of authority for his position, defendant argues that his as-applied constitutional challenge to his sentence should be exempt from the ordinary forfeiture rules of section 2-1401. Defendant asserts that "it makes no sense to allow a facial constitutional

challenge to a sentence at any time, but not an as-applied constitutional challenge" in a section 2-1401 proceeding because the "injustice" in both cases is the same—an allegedly unconstitutional sentence.

¶ 36    Defendant is mistaken. Although facial and as-applied constitutional challenges are both intended to address constitutional infirmities, they are not interchangeable. See *Napleton v. Village of Hinsdale*, 229 Ill. 2d 296, 318 (2008) (recognizing the "fundamental distinction" between facial and as-applied challenges). An as-applied challenge requires a showing that the statute violates the constitution as it applies to the facts and circumstances of the challenging party. *People v. Garvin*, 219 Ill. 2d 104, 117 (2006). In contrast, a facial challenge requires a showing that the statute is unconstitutional under any set of facts, *i.e.*, the specific facts related to the challenging party are irrelevant. *Garvin*, 219 Ill. 2d at 117.

¶ 37    Because facial and as-applied constitutional challenges are distinct actions, it is not unreasonable to treat the two types of challenges differently for purposes of section 2-1401. By definition, an as-applied constitutional challenge is dependent on the particular circumstances and facts of the individual defendant or petitioner. Therefore, it is paramount that the record be sufficiently developed in terms of those facts and circumstances for purposes of appellate review. See *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001) (noting that "[t]his court has long held that in order to support a claim of error on appeal the appellant has the burden to present a sufficiently complete record").

¶ 38    This point is illustrated by this case. To support his as-applied challenge, defendant relies exclusively on the "evolving science" on juvenile maturity and brain development that formed the basis of the *Miller* decision to ban mandatory natural life sentences for minors. Defendant maintains that this science applies with "equal force" to a criminal defendant who was between the ages of 18 and 21 when the underlying crime was committed. The record here, however, contains nothing about how that science applies to the circumstances of defendant's case, the key showing for an as-applied constitutional challenge. Nor does the record contain any factual development on the issue of whether the rationale of *Miller* should be extended beyond minors under the age of 18. Undoubtedly, the trial court is the most appropriate tribunal for the type of factual development necessary to adequately address defendant's as-applied challenge in this case.

¶ 39    In summary, defendant's section 2-1401 petition was filed approximately 17 years after his conviction and sentence, well outside the 2-year limitations period. Defendant's section 2-1401 petition did not contain any eighth amendment challenge to his sentence, let alone an as-applied constitutional challenge based on *Miller*. Instead, defendant raised his as-applied challenge under *Miller* for the first time on appeal. As we have explained, this type of challenge is not one of those recognized by this court as being exempt from the typical rules of forfeiture and procedural bars in section 2-1401 of the Code. *Supra* ¶¶ 30-33. Accordingly, we agree with the appellate court's conclusion that defendant forfeited his as-applied challenge to his sentence under *Miller* by raising it for the first time on appeal.

¶ 40    We are not persuaded by the authority cited by defendant in support of his argument that he should be permitted to raise his claim for the first time on appeal from dismissal of his section 2-1401 petition. Citing this court's decisions in *People v. Brown*, 225 Ill. 2d 188 (2007), *People v. McCarty*, 223 Ill. 2d 109 (2006), and *People v. Bryant*, 128 Ill. 2d 448 (1989), defendant argues that this court has recognized that a sentence that violates the

constitution is void and subject to challenge at any time. Notably, though, none of those decisions addressed whether an as-applied constitutional challenge may be raised for the first time on appeal from dismissal of a section 2-1401 petition. In fact, none of those decisions even involved an as-applied constitutional challenge. Consequently, we do not find our general statements on voidness in those decisions to be controlling on the narrow issue presented in this appeal.

¶ 41 Defendant's reliance on the appellate court's decisions in *People v. Luciano*, 2013 IL App (2d) 110792, and *People v. Morfin*, 2012 IL App (1st) 103568, is also misplaced. In contrast to this case, both of those decisions involved defendants who were sentenced to mandatory natural life based on the commission of murders when they were minors under the age of 18. See *Luciano*, 2013 IL App (2d) 110792, ¶ 7 (defendant convicted of two counts of murder committed when he was 17 years old); *Morfin*, 2012 IL App (1st) 103568, ¶ 11 (defendant convicted under accountability theory of two counts of murder committed when he was 17 years old). Because those defendants were sentenced to mandatory natural life imprisonment based on crimes committed when they were minors, the appellate court in both decisions concluded that *Miller* should be applied retroactively and remanded for a new sentencing hearing. *Luciano*, 2013 IL App (2d) 110792, ¶¶ 62-63; *Morfin*, 2012 IL App (1st) 103568, ¶ 56.

¶ 42 The holdings of *Luciano* and *Morfin* are consistent with our recent decision in *People v. Davis*, 2014 IL 115595. In *Davis*, this court held that *Miller* announced a new substantive rule that applies retroactively to *minors* sentenced to a mandatory imposition of natural life imprisonment. *Davis*, 2014 IL 115595, ¶¶ 39-43. Notably, however, we also determined in *Davis* that the applicable sentencing statute imposing mandatory natural life was not facially unconstitutional because it could be validly applied to adults, and that "[a] minor may still be sentenced to natural life imprisonment without parole so long as the sentence is at the trial court's discretion rather than mandatory." *Davis*, 2014 IL 115595, ¶¶ 30, 43.

¶ 43 In this case, defendant was 19 years old when he committed the murders. Indisputably, he was not a minor for purposes of sentencing. Therefore, defendant cannot obtain the same collateral relief afforded the defendants in *Luciano*, *Morfin*, and *Davis*, who all received mandatory natural life sentences for crimes committed when they were under the age of 18 in violation of *Miller*.

¶ 44 Nor are we persuaded by defendant's suggestion that it would be unfair to preclude him from raising his as-applied challenge under *Miller* in the procedural posture of his case. Although we have determined that defendant cannot raise his as-applied constitutional challenge to his sentence under *Miller* for the first time on appeal from dismissal of his section 2-1401 petition, defendant is not necessarily foreclosed from renewing his as-applied challenge in the circuit court. To the contrary, the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2012)) is expressly designed to resolve constitutional issues, including those raised in a successive petition. See *Davis*, 2014 IL 115595, ¶¶ 13-14 (detailing the procedural framework of the Act). Similarly, section 2-1401 of the Code permits either a legal or factual challenge to a final judgment if certain procedural and statutory requirements are satisfied. See *Warren County*, 2015 IL 117783, ¶¶ 37-51 (discussing and comparing standards between factual and legal challenges in section 2-1401 proceedings). Of course, we

- 8 -

express no opinion on the merits of any future claim raised by defendant in a new proceeding.

¶ 45                                             CONCLUSION
¶ 46        For these reasons, we affirm the appellate court's judgment and the circuit court's judgment dismissing defendant's section 2-1401 petition.

¶ 47        Appellate court judgment affirmed.
¶ 48        Circuit court judgment affirmed.