2022 IL App (1st) 191911-U

THIRD DIVISION
June 15, 2022

No. 1-19-1911

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Respondent-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 02 CR 26277 |
| GARY PINKSTON, | ) ) | Honorable Kenneth J. Wadas, |
| Petitioner-Appellant. | ) | Judge Presiding. |

_____

JUSTICE ELLIS delivered the judgment of the court.
Justices McBride and Burke concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Affirmed. Court properly denied leave to file successive postconviction petition. Petitioner could not establish cause for failing to raise proportionate-penalties claim in initial petition.

¶ 2    Petitioner Gary Pinkston was 20 years old when he shot and killed Michael Solomon. (The facts of the murder and trial, none of which bear repetition here, are discussed in our decision on direct appeal. See *People v. Pinkston*, No. 1-06-1638 (Jan. 13, 2010, unpublished order under Supreme Court Rule 23)). Defendant was convicted of murder and sentenced to 85 years in prison.

¶ 3    In 2018, petitioner filed a successive post-conviction petition in which he raised, for the first time, as an-applied challenge to his sentence under the proportionate penalties clause of the Illinois Constitution. See Ill. Const. 1970, art. I, § 11. The crux of petitioner's claim is that his *de facto* life sentence was imposed without the protections "for youthful offenders" established by *Miller v. Alabama*, 567 U.S. 460 (2012), and cases applying it. (Petitioner had filed his initial post-conviction petition in 2010, before *Miller* was decided.) The circuit court denied leave to file the successive petition.

¶ 4    To be granted leave to file a successive postconviction petition, among other things, a defendant must show "cause" for why he did not raise the claim in his first petition. 725 ILCS 5/122-1(f) (West 2018). "Cause" in this context means an objective factor that prevented the defendant from raising a claim earlier—say, because the claim did not previously exist, but later case law created the claim. See *id.*; *People v. Howard*, 2021 IL App (2d) 190695, ¶¶ 20-21.

¶ 5    Petitioner's proportionate-penalties claim fails because he cannot establish that required "cause." In *People v. Dorsey*, 2021 IL 123010, ¶ 74, a case decided after petitioner filed his opening brief and cited here by the State, our supreme court held that *Miller* did not provide "cause" for a proportionate-penalties claim to be raised, for the first time, in a successive post-conviction petition:

> "*Miller*'s announcement of a new substantive rule under the eighth amendment does not provide cause for a defendant to raise a claim under the proportionate penalties clause. [Citation.] * * * Illinois courts have long recognized the differences between persons of mature age and those who are minors for purposes of sentencing. Thus, *Miller*'s unavailability prior to 2012 at best deprived defendant of 'some helpful support' for his state constitutional law claim, which is insufficient to establish 'cause.' "

¶ 6 In his reply brief, petitioner argues that *Dorsey* is distinguishable. Here, petitioner notes, he faced a mandatory minimum sentence of 45 years and received an 85-year sentence, which would qualify as a *de facto* life sentence. In *Dorsey*, by contrast, the juvenile defendant was *not* subject to a mandatory *de facto* life sentence, given the availability of good-time credits, and thus Dorsey's claim under the proportionate penalties clause was not "based specifically on the rule of *Miller*." See *id.* ¶ 65.

¶ 7 The most obvious reason petitioner's argument fails is that his claim is not "based specifically on the rule of *Miller*," either. Petitioner here was 20 years old when he committed his offense, so *Miller* does not apply to him in the first instance. See *People v. Harris*, 2018 IL 121932, ¶¶ 53-61. Indeed, petitioner's claim relies not on *Miller* itself but rather Illinois case law that extends the reasoning of *Miller* beyond its original boundaries, recognizing that young adult offenders (to whom *Miller* does *not* apply) might still be able to avail themselves of the *logic* of *Miller* in challenging their life sentences under a different constitutional provision than the eighth amendment. See, *e.g.*, *People v. Thompson*, 2015 IL 118151, ¶ 44; *Harris*, 2018 IL 121932, ¶ 46; *People v. Humphrey*, 2020 IL App (1st) 172837, ¶ 28 ("In *Harris*, the court opened the door for an offender who was 18 or older to make an as-applied challenge under the proportionate penalties clause.").

¶ 8 But that case law did not *create* a new legal basis for petitioner's proportionate-penalties claim any more than *Miller* itself did. It merely added "helpful support" for a claim that already existed. See *Dorsey*, 2021 IL 123010, ¶ 74; *People v. Hemphill*, 2022 IL App (1st) 201112, ¶¶ 1, 30-31. And that is why "reviewing courts have repeatedly concluded that *Miller* and its progeny do not provide petitioners seeking leave to file successive petitions with the requisite cause for challenging their sentences on proportionate penalties grounds." *People v. Peacock*, 2022 IL

App (1st) 170308-B, ¶ 20 (collecting cases).

¶ 9     The same is true here. Petitioner's proportionate-penalties claim was available in 2010, when he filed his initial petition, so it could have been raised then—even if the case law admittedly has become more favorable to the claim in the intervening years. Defendant cannot establish cause under *Dorsey* and its progeny, and his claim thus fails as a matter of law.

¶ 10                              CONCLUSION

¶ 11     For these reasons, we affirm the judgment of the circuit court.

¶ 12     Affirmed.