**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 180209-UB

Order filed March 12, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0209 Circuit No. 08-CF-861 |
| DANIEL I. HUIZAR, | ) ) ) | Honorable Amy Bertani-Tomczak, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HETTEL delivered the judgment of the court.
Justices Holdridge and Albrecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The court properly denied defendant leave to file a successive postconviction petition.

¶ 2    Defendant, Daniel Huizar, appeals from the Will County circuit court's denial of his motion for leave to file a successive postconviction petition. Defendant argues that the court erroneously denied his motion because it established sufficient cause and prejudice to permit filing a successive postconviction petition. On April 6, 2022, we found the court erred when it

denied defendant leave to file his successive postconviction petition. *People v. Huizar*, 2022 IL 180209-U, ¶ 19. On September 27, 2023, the supreme court entered a supervisory order directing us to vacate our previous order and consider the court's opinion in *People v. Moore*, 2023 IL 126461. Specifically, the court instructed us to determine whether *Moore* warrants a different result regarding the court's error in denying defendant leave to file a successive postconviction petition. Following our review, we affirm the circuit court's denial of defendant's motion for leave to file a successive postconviction petition.

¶ 3                                    I. BACKGROUND

¶ 4        The State charged defendant by indictment with three counts of first degree murder (720 ILCS 5/9-1(a)(1), (2), (3) (West 2008)), and one count of aggravated discharge of a firearm (*id.* § 24-1.2(a)(2)). The indictments alleged that defendant, without lawful justification, shot Alfredo Lopez, causing his death. The case proceeded to a bench trial.

¶ 5        The evidence adduced at trial showed that on April 16, 2008, Lopez was with his two minor children in a Walgreens parking lot when several gunshots rang out. Lopez was struck in the back by a stray bullet and later died in the hospital. Just prior to the shooting, defendant was working at a Subway near the parking lot where Lopez was shot with two members of the Latin Kings street gang. A fight ensued in the Subway when several members of the Vice Lords street gang entered the restaurant, arguing and challenging the men to a fight. Upon leaving, the Vice Lord members threw a chair at defendant's vehicle before walking toward Walgreens. Defendant fired several gunshots in the direction of Walgreens, one of which hit Lopez, causing his death. The court found defendant guilty of all charges.

¶ 6        Defendant's presentence investigation report (PSI) indicated that defendant was 18 years old at the time of the offense and had no prior criminal history. Defendant was periodically

employed and had obtained his general education diploma. At sentencing, the State entered a victim impact statement from Lopez's wife and evidence related to the indictments of the other individuals involved. Defendant's mother testified that defendant had moved several times growing up, living with his mother and father separately. At one point, defendant was suspended from school for bringing a pocketknife. Defendant was living in his car at the time of the offense. In allocution, defendant stated that he acted in self-defense but felt remorse for causing the death of an innocent person.

¶ 7 In its ruling, the court considered the arguments, evidence presented at trial and sentencing, PSI, and victim impact statement. The court noted that defendant faced a minimum sentence of 45 years' imprisonment, comprised of 20 years' imprisonment for first degree murder and a mandatory 25-year firearm enhancement. The court found that defendant possessed rehabilitative potential and sentenced defendant to the minimum term. We affirmed on appeal. *People v. Huizar*, 2014 IL App (3d) 120572-U.

¶ 8 In January 2015, defendant filed a *pro se* postconviction petition, which the circuit court summarily dismissed. The petition did not raise any challenges to his sentence. We affirmed on appeal. *People v. Huizar*, No. 3-15-0244 (2017) (unpublished dispositional order). In August 2017, defendant filed a motion for leave to file a successive postconviction petition and a proposed successive petition, which is the subject of this appeal. The proposed petition alleged, *inter alia*, that defendant's mandatory sentence was unconstitutional as applied to him under *Miller v. Alabama*, 567 U.S. 460, 479-80 (2012), and its progeny. The court denied defendant leave, and defendant appealed.

¶ 9 On appeal, we initially found that defendant established the requisite cause and prejudice under *People v. House*, 2021 IL 125124, ¶¶ 29, 32, and reversed and remanded the matter for

3

further proceedings. *Huizar*, 2022 IL 180209-U, ¶ 19. Since then, the supreme court limited the application of *House*, stating that the court

> " 'has not foreclosed "emerging adult" defendants between 18 and 19 years old from raising as-applied proportionate penalties clause challenges to life sentences based on the evolving science on juvenile maturity and brain development.' [Citation.] *** '[T]hose cases addressed the possibility of a defendant raising a *Miller*-based challenge with respect to *mandatory* life sentences in *initial* postconviction petitions.' " (Emphases in original.) *People v. Hilliard*, 2023 IL 128186, ¶ 27 (quoting *People v. Clark*, 2023 IL 127273, ¶¶ 87, 88).

In *Moore*, the supreme court stated that *Miller* does not provide cause for a young adult to raise a claim under the eighth amendment of the Illinois Constitution or proportionate penalties clause of the Illinois Constitution challenging a mandatory life sentence. *Moore*, 2023 IL 126461, ¶¶ 38, 42. Pursuant to a supreme court supervisory order, our prior opinion was vacated, and we were directed to consider the effect of the supreme court's opinion in *Moore*. We now address that issue.

¶ 10                                    II. ANALYSIS

¶ 11        The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) permits a criminal defendant to challenge the proceedings which resulted in his conviction by asserting that "there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." *Id.* § 122-1(a)(1). The Act contemplates the filing of a single postconviction petition. *People v. Robinson*, 2020 IL 123849, ¶ 42. A defendant must obtain leave of court to file a successive postconviction petition. *People v. Wrice*, 2012 IL 111860, ¶ 47; *Robinson*, 2020 IL 123849, ¶ 43; 725 ILCS 5/122-1(f) (West 2018). To obtain leave, the

4

defendant must allege either "cause and prejudice for the failure to assert a postconviction claim in an earlier proceeding" or a claim of actual innocence. *Robinson*, 2020 IL 123849, ¶ 42.

¶ 12         As stated above, defendant did not include this issue in his initial postconviction petition and, thus, must show "cause" for failing to do so. Defendant argues that *Miller* and its progeny, his age of 18 years old, and his mandatory "*de facto*" life sentence support his claim for the cause required in a successive postconviction petition. Initially, we note that *Moore* forecloses defendant's constitutional challenge under *Miller*. Specifically, the supreme court found that "*Miller* did not change the law applicable to discretionary sentences imposed on young adult offenders," thus, *Miller* "does not provide cause for" a defendant raising such a challenge in a successive postconviction petition. *Moore*, 2023 IL 126461, ¶ 44. Simply stated, "*Miller* applies to neither discretionary sentences nor adults." *Hilliard*, 2023 IL 128186, ¶ 28. In this case, defendant was an adult who received a discretionary sentence of 45 years, the minimum, when he faced a maximum sentence of natural life imprisonment. 730 ILCS 5/5-8-1(a)(1)(d)(iii), 5-4.5-20(a) (West 2008); see *People v. Harris*, 2018 IL 121932, ¶ 61 (the supreme court rejected 18-year-old defendant's constitutional challenge to his 76-year sentence and the extension of *Miller* protections to young adults). While defendant could have challenged the mandatory nature of his sentence in his initial petition, *Moore* and *Hilliard* foreclosed defendant from raising this claim in his successive petition due to his adult status. See *Moore*, 2023 IL 126461, ¶¶ 38, 42; see also *Hilliard*, 2023 IL 128186, ¶ 27. Therefore, as directed by *Moore*, we find that defendant has not established the cause required to satisfy the cause and prejudice test challenging his sentence in his successive postconviction petition. See *Moore*, 2023 IL 126461, ¶¶ 38, 42. Since we find that defendant cannot demonstrate cause as required by section 122-1(f) of the Act, we need not determine whether defendant can establish prejudice. See *id.* ¶ 42.

Therefore, we affirm the circuit court's denial of defendant's motion for leave to file a successive postconviction petition.

¶ 13　　　In coming to this conclusion, we reject defendant's assertion that we should follow *People v. Thompson*, 2015 IL 118151, ¶ 44, where the supreme court suggested that young adult offenders may be able to raise a *Miller* claim in a successive postconviction petition. This suggestion no longer remains viable after the supreme court's decisions in *Moore* and *Hilliard*.

¶ 14　　　　　　　　　　　　III. CONCLUSION

¶ 15　　　The judgment of the circuit court of Will County is affirmed.

¶ 16　　　Affirmed.