2025 IL App (1st) 241246-U

No. 1-24-1246

Order filed November 14, 2025

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Respondent-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 13 CR 0592101 |
| | ) | |
| HASHIM WAITE, | ) | Honorable |
| | ) | Jennifer F. Coleman, |
| Petitioner-Appellant. | ) | Judge, presiding. |

_____

JUSTICE PUCINSKI delivered the judgment of the court.
Presiding Justice C.A. Walker and Justice Gamrath concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Order dismissing petition for relief from judgment affirmed where statute under which defendant was convicted of aggravated unlawful use of a weapon is not facially unconstitutional.

¶ 2    Defendant Hashim Waite appeals from an order of the circuit court dismissing his petition for relief from judgment filed under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)). He contends that the circuit court erred in dismissing his petition because his 2013 conviction for aggravated unlawful use of a weapon (AUUW) for possessing a

firearm without a Firearm Owner's Identification (FOID) card is void *ab initio*. He argues that the section of the AUUW statute under which he was convicted is facially unconstitutional under the Second Amendment (U. S. Const., amend. II) and *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). We affirm.

¶ 3                                I. BACKGROUND

¶ 4       We set forth only the facts necessary to address the issue on appeal.

¶ 5       Stemming from an offense that occurred on March 11, 2013, defendant was charged with three counts of AUUW. The State alleged that defendant knowingly carried on or about his person a firearm, at a time when he was not on his own land or in his own abode or fixed place of business, and: the firearm possessed was uncased, loaded and immediately accessible at the time of the offense (count I); he had not been issued a currently valid FOID card (count II); and he was under 21 years of age and in possession of a handgun (count III). See 720 ILCS 5/24-1.6(a)(1), (3)(A), (C), & (I) (West 2012).

¶ 6       The State dismissed count I on November 5, 2013, after the Illinois Supreme Court issued its decision in *People v. Aguilar*, 2013 IL 112116. Defendant then requested a Supreme Court Rule 402 conference. After the conference, the State entered *nolle prosequi* on count III. Defendant pled guilty to count II based on his possession of a firearm while lacking a currently valid FOID card.

¶ 7       As the factual basis for the plea, the parties stipulated that on March 11, 2013, Chicago police responded to a call from a homeowner on South Justine Street who reported that an unknown person was in his backyard with a gun. After meeting with the homeowner, police entered the backyard of the property, saw defendant, and detained him. The homeowner informed police that

defendant placed a gun in a canopy in the backyard. Officers recovered a loaded 9-millimeter handgun from the canopy.

¶ 8    After receiving his *Miranda* rights, defendant stated he had "Never been issued a valid FOID card. Under the age of 21."

¶ 9    On October 3, 2023, defendant filed a section 2-1401 petition for relief from judgment. In his petition, he alleged that his conviction was void because the AUUW statute violated the Second Amendment outright, and because the *Aguilar* court found that the AUUW statute under which he was convicted was unconstitutional.

¶ 10    On December 1, 2023, the trial court dismissed defendant's petition by written order. The court found that the section of the AUUW statute under which defendant was convicted did not violate the Second Amendment outright, nor under *Aguilar*, because it was a reasonable restriction on firearm possession and because this court had clarified that *Aguilar* did not extend to the FOID card requirement.

¶ 11    On June 12, 2024, the Illinois Supreme Court issued a supervisory order directing this court to allow defendant to file a late notice of appeal from the dismissal of his petition. We granted defendant's motion for leave to file a late notice of appeal on June 18, 2024, and defendant filed his appeal that same day.

¶ 12                                    II. ANALYSIS

¶ 13    On appeal, defendant contends that his conviction is void because the section of the AUUW statute under which he was convicted (720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2012)), criminalizes conduct of gun possession protected by the plain text of the Second Amendment and fails to satisfy the constitutional criteria set forth in *Bruen,* 597 U.S. 1.

¶ 14 Section 2-1401 of the Code establishes a statutory procedure for a party seeking to vacate a final judgment, including a criminal conviction, that was entered more than 30 days prior. 735 ILCS 5/2-1401 (West 2022). Generally, a section 2-1401 petition must be filed within two years after the entry of the judgment being challenged. *Id.* However, a void judgment may be challenged at any time, and a judgment will be considered void when it is based on a statute that is facially unconstitutional and void *ab initio*. *People v. Stoecker*, 2020 IL 124807, ¶ 28.

¶ 15 A defendant may assert either a facial or an as-applied constitutional challenge to a statute. See *People v. Thompson*, 2015 IL 118151, ¶ 36. Here, defendant's section 2-1401 petition is framed solely as a facial challenge to the constitutional validity of the AUUW statute's FOID card requirement in subsection 24-1.6(a)(1), (a)(3)(C).

¶ 16 "Constitutional challenges carry the heavy burden of successfully rebutting the strong judicial presumption that statutes are constitutional." *People v. Rizzo*, 2016 IL 118599, ¶ 23. Accordingly, to succeed in a facial challenge, the defendant must show the statute is unconstitutional under any set of facts—that is, that "there are no circumstances in which the statute could be validly applied." *People v. Hatcher*, 2024 IL App (1st) 220455, ¶ 49. If there exists a situation in which the statute could be validly applied, a facial challenge must fail. *Rizzo*, 2016 IL 118599, ¶ 24. Whether a statute is constitutional is a question of law we review *de novo*. *Hatcher*, 2024 IL App (1st) 220455, 49. The dismissal of a section 2-1401 petition on legal grounds is likewise reviewed *de novo*. *People v. Wells*, 2023 IL 127169, ¶ 23.

¶ 17 The Second Amendment provides, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend. II. The 2008 decision in *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008),

stated that the Second Amendment granted "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." In *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010), the right to keep and bear arms was extended to the states under the Fourteenth Amendment.

¶ 18    In 2022, *Bruen* refined the analytical framework for evaluating the constitutionality of firearm regulations by presenting a two-part inquiry. *Bruen*, 597 U.S. at 17, 24-25; *Hatcher*, 2024 IL App (1st) 220455, ¶ 52. Under *Bruen*, an individual's conduct is presumptively protected by the Constitution when it is covered by the plain text of the Second Amendment, and so the first step of the analysis considers whether the plain text covers the conduct at issue. *Bruen*, 597 U.S. at 17; *Hatcher*, 2024 IL App (1st) 220455, ¶ 52-53.

¶ 19    Where the conduct is covered by the plain text of the Second Amendment, we move to the second inquiry. *Hatcher*, 2024 IL App (1st) 220455, ¶ 52.   There, the burden shifts to the government to justify the regulation of that conduct by demonstrating "that the regulation is consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 597 U.S. at 17. However, when the conduct at issue is not covered by the plain text of the Second Amendment, the analysis ends at the first inquiry because "the regulation is constitutional because it falls outside the scope of protection." *Hatcher*, 2024 IL App (1st) 220455, ¶ 52, 61 (holding that, *inter alia*, subsection 24-1.6(a)(1), (a)(3)(C) of the AUUW statute is not facially unconstitutional under Bruen).

¶ 20    Subsection 24-1.6(a)(1), (a)(3)(C) of the AUUW statute, under which defendant was convicted, states in relevant part that an individual commits aggravated unlawful use of a weapon when he or she knowingly carries or conceals "any pistol, revolver, stun gun or taser or other firearm" on his person, or carries a firearm in any vehicle, "except when on his or her land or in

his or her abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission" when "the person possessing the firearm has not been issued a currently valid Firearm Owner's Identification Card." 720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2012).

¶ 21 Defendant summarily asserts that the statutory subsection at issue is covered by the plain text of the Second Amendment "because it regulates the conduct of gun possession," and argues that the State has failed to show how the AUUW statute's FOID card requirement satisfies *Bruen*'s historical consistency requirement.

¶ 22 Since *Bruen*, this court has rejected numerous challenges to subsection 24-1.6(a)(1), (a)(3)(C) and the FOID Card Act (430 ILCS 65/4(a)(2)(i) (West 2014)). We have consistently found that the statute and the FOID Card Act are not facially unconstitutional. *People v. Daniels*, 2025 IL App (1st) 230823, ¶ 30 (FOID Card Act is constitutional as a "shall-issue" license regime that does not prevent law-abiding citizens from exercising second amendment rights; subsection 24-1.6(a)(1), (a)(3)(C) is facially constitutional); *People v. Thompson*, 2024 IL App (1st) 221031, ¶ 28 ("*Bruen*'s validation of the Illinois FOID Card Act's objective, shall-issue licensing regime is, standing alone, a sufficient basis on which to reject [defendant's] facial challenge to the AUUW statute (720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2018)); See *Hatcher,* 2024 IL App (1st) 220455, ¶ 57 (conduct of gun possession without a FOID card is not law-abiding conduct and thus not protected by the plain text of the Second Amendment; analysis ends at first stage of *Bruen* inquiry); *People v. Doehring*, 2024 IL App (1st) 230384, ¶ 28; *People v. Gunn*, 2023 IL App (1st) 221032, ¶ 19 (FOID Card Act is constitutional under the Second Amendment and *Bruen*).

¶ 23    Accordingly, we reject defendant's facial challenge to the constitutionality of subsection 24-1.6(a)(1), (a)(3)(C) of the AUUW statute. The circuit court did not err in dismissing defendant's section 2-1401 petition.

¶ 24                                    III. CONCLUSION

¶ 25    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 26    Affirmed.