2025 IL App (1st) 241373-U

FIFTH DIVISION
November 21, 2025

No. 1-24-1373

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 13 CR 420 |
| | ) | |
| CHRISTOPHER CROCKRUM, | ) | Honorable |
| | ) | Michael J. Hood, |
| Defendant-Appellant. | ) | Judge presiding. |

_____

JUSTICE MIKVA delivered the judgment of the court.
Justices Oden Johnson and Tailor concurred in the judgment.


**ORDER**

¶ 1    *Held*:  Defendant's facial and as-applied constitutional challenges to the armed habitual criminal statute lack merit.

¶ 2    Defendant Christopher Crockrum appeals from the third-stage denial of his *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2016)). On appeal, defendant contends for the first time that the armed habitual criminal statute under which he was convicted (720 ILCS 5/24-1.7(a) (West 2012)) is unconstitutional on its face and as applied to him. We affirm.

¶ 3                                I. BACKGROUND

¶ 4      A summary of the trial evidence appears in this court's order on direct appeal. See *People v. Crockrum*, 2018 IL App (1st) 151752-U. We set forth only the facts necessary to understand the issue on appeal.

¶ 5      Following a bench trial, Mr. Crockrum was found guilty of armed habitual criminal and other offenses. The State's evidence included police testimony that Mr. Crockrum threw a firearm out of a vehicle window and certified copies of Mr. Crockrum's prior convictions for the manufacture and delivery of cocaine. *Id.* ¶¶ 3-7. Mr. Crockrum's presentence investigative (PSI) report reflected four prior drug-related convictions. The court merged the findings of guilt into a single count of armed habitual criminal and imposed an eight year sentence. *Id.* ¶ 9. We affirmed. *Id.* ¶¶ 2, 24.

¶ 6      On November 13, 2017, Mr. Crockrum filed a *pro se* postconviction petition arguing, among other things, that he was actually innocent of the offense based on the affidavit of a witness who averred that someone else threw the firearm out of the window. The claim advanced to third stage proceedings where the circuit court denied the petition. Mr. Crockrum now appeals, raising a single claim.

¶ 7                                II. JURISDICTION

¶ 8      The trial court denied Mr. Crockrum's third-stage postconviction petition on June 28, 2024, and Mr. Crockrum timely filed his notice of appeal on June 28, 2024. We have jurisdiction over this appeal pursuant to Article VI, Section 6, of the Illinois Constitution, and Illinois Supreme Court Rule 651(a), governing appeals from a final judgment of the circuit court in any postconviction proceeding.

¶ 9                                    III. ANALYSIS

¶ 10     Mr. Crockrum contends that, in light of the United States Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), the armed habitual criminal statute is unconstitutional on its face and as applied to him under the second amendment of the United States Constitution (U.S. Const., amend II) and article I, section 22, of the Illinois Constitution (Ill. Const. 1970, art. I, § 22).

¶ 11     Whether a statute is constitutional is a question of law we review *de novo*. *People v. Smith*, 2024 IL App (1st) 221455, ¶ 9 (citing *People v. Davis*, 2014 IL 115595, ¶ 26). A party challenging the constitutionality of a statute "carr[ies] the heavy burden of successfully rebutting the strong judicial presumption that statutes are constitutional." (Internal quotation marks omitted.) *People v. Rizzo*, 2016 IL 118599, ¶ 23. A facial challenge alleges that a statute is unconstitutional under any set of facts. *People v. Thompson*, 2015 IL 118151, ¶ 36. An as-applied challenge, in contrast, alleges that a statute violates the constitution as it applies to the facts and circumstances of the challenging party. *Id*.

¶ 12     This constitutional challenge is raised for the first time on this appeal. Facial constitutional challenges may be raised at any time, including on appeal from the denial of a postconviction petition. See *Thompson*, 2015 IL 118151, ¶¶ 32-37; *People v. Lopez*, 2025 IL App (1st) 232120, ¶ 31. This is not necessarily true, however, of an as-applied constitutional challenge. See *Thompson*, 2015 IL 118151, ¶¶ 32-37. Because as-applied challenges depend on the particular facts of the individual, "it is paramount that the record be sufficiently developed in terms of those facts and circumstances for purposes of appellate review." *Id*. ¶ 37. Thus, generally, a defendant must present his as-applied constitutional challenge to the trial court to create a sufficient record. *Id*. ¶

32. However, our supreme court has held that, where the evidentiary record is sufficient, we may consider an as-applied constitutional challenge for the first time on appeal. *People v. Holman*, 2017 IL 120655, ¶ 32 *overruled on other grounds by People v. Wilson*, 2023 IL 127666, ¶ 42; see *People v. Robinson*, 2011 IL App (1st) 100078, ¶¶ 12, 17, 29 (considering facial and as-applied constitutional challenges that were raised for the first time on appeal).

¶ 13    The record here is sufficient for review of both Mr. Crockrum's facial and his as-applied challenge. The charging instrument and evidence at trial shows that Mr. Crockrum's possession of a firearm and his qualifying felonies, namely, the manufacture and delivery of cocaine, were the basis for his armed habitual criminal conviction. Further, the State does not articulate what additional information could have been presented to litigate the issue. We therefore consider the merits of Mr. Crockrum's facial and as-applied challenges on appeal. See *People v. Brooks*, 2023 IL App (1st) 200435, ¶¶ 59-62 (explaining that the evidentiary record below was sufficiently developed for review and the State failed to identify any relevant omitted facts that could have been produced below).

¶ 14    The second amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

¶ 15    The armed habitual criminal statute provides that "A person commits the offense of being an armed habitual criminal if he or she receives, sells, possesses, or transfers any firearm after having been convicted a total of 2 or more times of any combination of" certain enumerated felonies. 720 ILCS 5/24-1.7(a) (West 2012).

¶ 16    In 2008, the United States Supreme Court issued its decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008), in which it stated that the second amendment elevated "the right of

law-abiding, responsible citizens to use arms in defense of hearth and home." *Id*. at 635. The court cautioned that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons *** or laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 626-27.

¶ 17    In *McDonald v. City of Chicago*, 561 U.S. 742, 791 (2010), the Court reiterated that its decision in *Heller* "did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons.' " *Id*. at 786 (quoting *Heller*, 554 U.S. at 626-27).

¶ 18    In *Bruen*, the United States Supreme Court clarified the analytical framework for evaluating the constitutionality of firearm regulations. Under *Bruen*, courts have to consider "plain text" and history. *Bruen*, 597 U.S. at 24. As part of that framework, "the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id*. at 17.

¶ 19    In *Heller*, *Bruen*, and the post *Bruen* case of *United States v. Rahimi*, 602 U.S. 680 (2024), the Supreme Court expressly stated that the second amendment protects the rights of "law-abiding citizens." See *Bruen*, 597 U.S. at 8-10 (agreeing that "law-abiding citizens" have a right to carry handguns for self-defense outside the home); see also *Heller*, 554 U.S. at 635 (second amendment elevated "the right of *law-abiding*, responsible citizens to use arms in defense of hearth and home" (emphasis added)); *Rahimi*, 602 U.S. at 699 (confirming that "prohibitions *** on the possession of firearms by 'felons and the mentally ill' are 'presumptively lawful' "). Thus, in our view, this remains a significant limitation on the reach of the second amendment.

¶ 20    We turn first to Mr. Crockrum's facial challenge under the second amendment. Following *Bruen's* introduction of the historical analysis in second amendment cases, a number decisions from this court have continued to hold that "statutes 'prohibit[ing] felons from possessing firearms

*** generally fall outside of [the second amendment's] scope.' " *Lopez*, 2025 IL App (1st) 232120, ¶ 22 (quoting *People v. Gray*, 2025 IL App (1st) 191086-B, ¶ 20); see *People v. Baker*, 2023 IL App (1st) 220328, ¶ 37 ("The *Bruen* Court could not have been more clear that its newly announced test applied only to laws that attempted to regulate the gun possession of 'law-abiding citizens,' and not felons like defendant.").

¶ 21    In specific reference to the armed habitual criminal statute, this court has repeatedly upheld its constitutional application on the basis that, "felons are not part of 'the people' protected by the second amendment resulting in the *Bruen* test not applying." *Lopez*, 2025 IL App (1st) 232120, ¶ 22; see also *People v. Gray*, 2025 IL App (1st) 191086-B, ¶ 20; *People v. Kelley*, 2024 IL App (1st) 230569, ¶¶ 16-22, 30; *People v. McTizic*, 2025 IL App (1st) 240467-U, ¶¶ 8-13, ¶ 20; *People v. Whitehead*, 2024 IL App (1st) 231008-U, ¶¶ 85, 89; *People v. Thomas*, 2024 IL App (4th) 240315-U, ¶¶ 23-24; see also Illinois Supreme Court Rule 23(e)(1) (eff. Feb. 1, 2023) (providing that unpublished Rule 23 orders filed on or after January 1, 2021, "may be cited for persuasive purposes").

¶ 22    We decline to depart from these well-reasoned holdings and continue to find that, because the second amendment only protects the right of law-abiding citizens to bear arms, the armed habitual criminal statute is constitutional on its face.

¶ 23    Mr. Crockrum also contends that the armed habitual criminal statue is unconstitutional on its face under article I, section 22 of the Illinois Constitution.

¶ 24    Article I, section 22, provides: "Subject only to the police power, the right of the individual citizen to keep and bear arms shall not be infringed." Ill. Const. 1970, art. I, § 22.

¶ 25    Unlike the federal constitution, the Illinois Constitution replaces the prefatory language concerning the necessity of a well-regulated militia with the words " '[s]ubject only to the police

power.' " *Kalodimos v. Village of Morton Grove*, 103 Ill. 2d 483, 491 (1984) (quoting Ill. Const. 1970, art. I, § 22). Our supreme court has explained that the phrase " '[s]ubject only to the police power' " was intended to provide the government with an " 'extraordinary degree of control' " over the possession and use of arms due to the " 'extraordinary threat to the safety and good order of society' " they pose. *Id*. at 491-92 (quoting 6 Record of Proceedings, Sixth Illinois Constitutional Convention 84, 87-88 (committee proposals)); See also *People v. Travis*, 2024 IL App (3d) 230113, ¶ 42. "This court has long recognized that the police power comprehends laws 'restraining or prohibiting anything harmful to the welfare of the people.' " *Kalodimos*, 103 Ill. 2d at 496 (quoting *People v. Warren*, 11 Ill. 2d 420, 245 (1957)).

¶ 26    This court has repeatedly rejected the argument that the Illinois Constitution forbids the General Assembly from passing a law prohibiting felons from possessing firearms. See *People v. Stephens*, 2024 IL App (5th) 220828, ¶¶ 41-44 ("the Illinois Constitution's prohibition of the possession of firearms by felons is a proper exercise of police power"); *Kelley*, 2024 IL App (1st) 230569, ¶¶ 24-28, 30 ("nothing in article I, section 22, of the Illinois Constitution suggests that the right to bear arms is unlimited and bars the State from prohibiting felons from bearing arms"); *Travis*, 2024 IL App (3d) 230113, ¶¶ 39-43 ("We find the [armed habitual criminal] and UUWF statutes are a proper exercise of the state's police power, which allows the state to exert, through legislation, control over the dangers posed by firearms and the people who might use them to do harm."). We also find no reason to depart from these well-reasoned holdings.

¶ 27    Finally, Mr. Crockrum argues that the armed habitual criminal statute is unconstitutional as applied to him because he is a nonviolent felon. An as-applied challenge, as noted, alleges only that a statute violates the constitution as applied to the particular set of facts and circumstances of the challenging party. *Thompson*, 2015 IL 118151, ¶ 36. An as-applied challenge is a question of

law that we review *de novo*. *People v. Swenson*, 2020 IL 124688, ¶ 19.

¶ 28    This court has rejected the argument that the prohibition on firearms possession for felons is unconstitutional as applied to nonviolent felons. See *People v. Echols*, 2024 IL App (2d) 220281-U, ¶ 156 ("whether defendant's qualifying convictions were 'nonviolent' is irrelevant, as the Supreme Court placed no qualifiers on the word 'felons' in either *Heller* or *McDonald*"); *People v. Gross*, 2024 IL App (2d) 230017-U, ¶ 27 ("neither *Heller* nor *Bruen* qualified the term 'felon' or otherwise limited it to violent felons"); see also *Medina v. Whitaker*, 913 F. 3d 152, 159 (D.C. Cir. 2019) (observing that "[f]elonies encompass a wide variety of non-violent offenses, and we see no reason to think that the [United States Supreme Court] meant 'dangerous individuals' when it used the word felon" in *Heller*).

¶ 29    Neither the Illinois nor the United States Supreme Court have carved out second amendment protection for non-violent felons. Nonviolent felons may be less dangerous, but this does not make them law abiding citizens entitled to second amendment limits on the regulation of their possession of firearms. Thus, Mr. Crockrum's contention that his criminal history is nonviolent does not undermine the constitutionality of the armed habitual criminal statute as applied to him.

¶ 30    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 31    Affirmed.